**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Menelao Orlando ESTEVEZ, Defendant.**

**Appeal of Jose Guillermo HARO.**

**No. 87–2432.**

United States Court of Appeals,
Seventh Circuit.

Submitted Feb. 22, 1988.[*]
Decided April 15, 1988.
Rehearing Denied June 29, 1988.

---

[*] This case was submitted for decision on the basis of the briefs and the record. See Rule · 34(a), Fed.R.App.P.; Circuit Rule 34(f).

Rebekah J. Poston, Fine Jacobson Schwartz Nash Block & England, Miami, Fla., for defendant.

R. Jeffrey Wagner and Eric J. Klumb, Asst. U.S. Attys., Patricia J. Gorénce, U.S. Atty., Milwaukee, Wis., for plaintiff-appellee.

Before CUMMINGS, COFFEY and RIPPLE, Circuit Judges.

CUMMINGS, Circuit Judge.

Jose Guillermo Haro petitioned to set aside the forfeiture judgment entered by the district court on July 7, 1987, claiming both that his failure to file a timely third-party claim under 21 U.S.C. § 853(n) resulted from excusable neglect and that he alleged a meritorious defense to forfeiture of his interests in the property. The district court denied that motion on August 19, 1987. Because Haro has demonstrated the inadequacy of the statutory notice given by the government, we reverse and remand to the district court for proceedings consistent with this opinion.

I

This case concerns the forfeiture of Haro's title interest in real estate located at 95th and 97th Street in Miami, Florida. Accordingly, we recite only those facts that pertain to this appeal. On September 9, 1986, the government filed an indictment charging Menelao, Celestino, and Omar Estevez (the individuals convicted in the underlying criminal prosecution from which this forfeiture arises) and 14 others with violations of federal narcotics laws. The indictments provided for the forfeitures of "any financial interest of [the Estevezes] in real estate located at [95th and 97th Streets in Miami, Florida]." This included "all furniture and appliances" maintained within the 95th Street residence.

Following the convictions of Menelao and Celestino Estevez,[1] the district court entered an "Order of Forfeiture and Seizure," forfeiting any of the three Estevezes' "right, title and interest" in the above property. Omar Estevez's interest was also included in the order although the criminal charges against him had been transferred to the Southern District of Florida for the entry of a plea.

The government published a notice of this forfeiture on January 11 and 18, 1987, in the *Milwaukee Journal,* and on March 5, 12, 19, and 26, 1987, in the *Miami Review,* a copy of which is reprinted in an appendix to this opinion, pursuant to 21 U.S.C. § 853(n)(1). This notice was subsequently mailed to Haro[2] and his counsel on June 22, 1987, and was received on June 24. Haro additionally received a "Stipulation Regarding Judgment as to Certain Forfeiture Property," and a proposed "Order and Judgment" for the district court's review. The stipulation reflected the written negotiations between the Ponce de Leon Federal Savings and Loan Association, which held a mortgage and note on the 95th Street property, and the government; the government was to make final payment on the bank's note and mortgage in exchange for clear title to the property.

The proposed order and judgment called *inter alia* for the forfeiture of any of the Estevezes' financial interests plus a demand that the government receive title to

---

1. Celestino and Menelao Estevez and three others are currently appealing their convictions to this Court. Our disposition of this case, however, has no effect on that appeal.

2. An indictment is pending against Haro in the Eastern District of Wisconsin according to the government. (Br. 15). He is supposedly the nominee as to the parcels involved here. (Government Br. 14).

The Court has subsequently learned that in February 1988 a jury found Haro guilty of conspiracy to possess and distribute cocaine, but he has not yet been sentenced.

the properties, including the furniture and appliances in the 95th Street residence. The district court signed this judgment on July 7, 1987, and Haro moved to vacate it on July 13. On August 19, the court denied this motion, and Haro appealed.

## II

The government now concedes that Haro has presented a meritorious defense to the forfeiture action under 21 U.S.C. § 853(n)(6)(A). (Br. 13); cf. *United States v. Marx,* 844 F.2d 1303, 1304 (7th Cir.1988). Moreover, the government agrees that the provisions of Rule 60(b) of the Federal Rules of Civil Procedure are available to a third-party claimant seeking to vacate the final judgment of forfeiture. Thus this Court need decide only the narrow question whether Haro's failure to file a third-party claim to the properties was based on "excusable neglect." Fed.R.Civ.P. 60(b).

Rule 7(c)(2) of the Federal Rules of Criminal Procedure requires that when the charged offense results in a forfeiture of property, the indictment must allege the extent of the interests of property subject to forfeiture. Fed.R.Crim.P. 7(c)(2); see *United States v. Boffa,* 688 F.2d 919, 939 (3d Cir.1982) (indictment charging appellant's interests in certain corporations subject to forfeiture sufficiently alleged extent of interests for purposes of Rule 7(c)(2)), certiorari denied, 460 U.S. 1022, 103 S.Ct. 1272, 75 L.Ed.2d 494 (1983). The indictment need not, however, describe each item subject to forfeiture, provided a bill of particulars supplies the detail lacking in the indictment. See *United States v. Raimondo,* 721 F.2d 476, 477–478 (4th Cir.1983) (*per curiam* ) (indictment notifying defendant of forfeiture of all property and profits

from criminal conspiracy and identifying such property in statute's language complied with Rule 7(c)(2) when bill of particulars described property in detail), certiorari denied, 469 U.S. 837, 105 S.Ct. 133, 83 L.Ed.2d 74 (1984). There was no bill of particulars in this case. In addition, Criminal Rule 31(e) provides that if the indictment alleges the extent of the property interests subject to forfeiture, a special verdict shall be returned as to the extent of the interest or property subject to forfeiture, if any.

■ In this case, the government's notice of forfeiture in the two newspapers tracked the language of the indictment's forfeiture provisions only against the Estevezes.[3] This notice called for the limited and specified forfeiture of "any financial interest" of the Estevezes in the 95th and 97th Street properties, including the furniture and appliances in the 95th Street residence. The notice also recited:

> Notice of the Order of Forfeiture and Seizure, and of the United States' intent to dispose of the property in such manner as the Attorney General may direct, is hereby given to all persons who may have an interest in the property specified above. Any persons wishing to assert a legal interest in the property must petition the court for a hearing to adjudicate the validity of the alleged interest in the property.

While this notice could have apprised the three Estevez defendants of the extent of the interests sought by the government, it was insufficient to put Haro, allegedly the true owner of the properties, on adequate notice that the forfeiture action covered his title.

---

3. The relevant provisions provided for the forfeiture of:

13. Any financial interest of Menelao Orlando Estevez, Celestino Orlando Estevez and/or Omar Estevez in real estate located at 11821 S.W. 95th Street, Miami, Florida, more particularly described as "Glen Cove, West Sec. 1, PB 118–30, Lot 30 Blk. 1, Lot Size 8800 Sq. Ft."

14. Any financial interest of Menelao Orlando Estevez, Celestino Orlando Estevez and/or Omar Estevez in real estate located at

11712 S.W. 97th Street, Miami, Florida, more particularly described as "Lot 3, Block 1, Glen Cove West Section One, according to the plat thereof, as recorded in Plat Book 118 at page 30, of the Public Records of Dade County, Florida."

\* \* \* \* \* \*

18. All furniture and appliances maintained within the residence located at 11821 S.W. 95th Street, Miami, Florida as of August 27, 1986.

Appellant's App. at pp. 3–4.

■ It was not until June 24, 1987—when he and his counsel received the published notice—that Haro fully realized that his title interest in the property was sought to be forfeited by the government. Since this was the first time that he was adequately apprised of the extent of the interest sought by the government, this date should be considered to commence the thirty-day period to file a claim under 21 U.S.C. § 853(n).

The Second Circuit case of *United States v. Grammatikos*, 633 F.2d 1013, 1024 (1980), is instructive. The *Grammatikos* court held that the forfeiture of a defendant's interest in particular properties is permissible only if the indictment adequately alleges "the *extent* of the interest or property subject to forfeiture." 633 F.2d at 1024 (emphasis in original).

■ The notice here followed the indictment's allegations without stating Haro's title interest. As a potential third-party claimant, Haro was not alerted to the nature of the forfeiture sought. Any failure for a timely response by Haro plainly was excusable, cf. *United States v. Forty-eight Thousand, Five Hundred Ninety-five Dollars*, 705 F.2d 909 (7th Cir.1983), and the district court's entry of forfeiture on July 7, 1987 thus was premature.

Forfeitures of property are not favored, *United States v. One Ford Coach*, 307 U.S. 219, 59 S.Ct. 861, 83 L.Ed. 1249 and this Court, as well as others, is sensitive of the mandate which requires the government to provide adequate notice to potential claimants in forfeiture proceedings. *Willis v. United States*, 787 F.2d 1089, 1093 (7th Cir.1986) (constitutionally defective notice given to potential forfeiture claimant). Therefore, for the above reasons, we vacate the judgment of forfeiture and direct the district court to provide Haro with sufficient time to file a verified Section 853(n) claim.[4]

REVERSED AND REMANDED.

---

**4.** Since this Court holds that Haro received inadequate notice, we need not reach his argument that the hearing provisions of Section 853(n) allotted to third-party claimants are unconstitutional. Cf. *United States v. Crozier*, 777 F.2d 1376, 1382–1387 (9th Cir.1985).

---

APPENDIX

MIAMI REVIEW

Published Daily except Saturday, Sunday and Legal Holidays

Miami, Dade County, Florida.

STATE OF FLORIDA

COUNTY OF DADE:

Before the undersigned authority personally appeared Octelma V. Farbeyre, who on oath says that she is the Supervisor of Legal Advertising of the Miami Review, a daily (except Saturday, Sunday and Legal Holidays) newspaper, published at Miami in Dade County, Florida; that the attached copy of advertisement, being a Legal Advertisement of Notice in the matter of 86–CR–79

UNITED STATES OF AMERICA

v.

MENELAO ORLANDO ESTEVEZ, et al.,

in the U.S. DISTRICT Court, was published in said newspaper in the issues of March 5, 12, 19, 26, 1987

Affiant further says that the said Miami Review is a newspaper published at Miami in said Dade County, Florida, and that the said newspaper has heretofore been continuously published in said Dade County, Florida, each day (except Saturday, Sunday and Legal Holidays) and has been entered as second class mail matter at the post office in Miami in said Dade County, Florida, for a period of one year next preceding the first publication of the attached copy of advertisement; and affiant further says that she has neither paid nor promised any person, firm or corporation any discount, rebate, commission or refund for the purpose of securing this advertisement for publication in the said newspaper.

/s/ Octelma V. Farbeyre

Sworn to and subscribed before me this 26th day of March, A.D. 1987.

/s/ Cheryl H. Marmer
Notary Public, State of
Florida at Large

(SEAL)

My Commission expires April 12, 1988.

---

UNITED STATES DISTRICT COURT EASTERN DISTRICT OF WISCONSIN NOTICE OF FORFEITURE UNITED STATES OF AMERICA, Plaintiff, v. ME-NELAO ORLANDO ESTEVEZ, a/k/a "ANDRE FONTE–FERRO"; CELESTINO ORLANDO ESTEVEZ; OMAR ESTEVEZ; AMADO RAPHAEL LEON, a/k/a "ANTON LEON"; RIGOBERTO MOYA–GOMEZ, a/k/a "TONY THE CUBAN"; ADALBERTO HERRERA, ROLANDO H. LLERENA; MANUEL GUERRA, JR.; Defendants. On September 9, 1986, a second superseding indictment was returned in the United States District Court for the Eastern District of Wisconsin charging the above-named defendants and others with violations of Title 21 of the United States Code. The second superseding indictment alleged that various specified property, including that described below, was forfeitable to the United States pursuant to Title 21, United States Code, Section 853. On December 19, 1986, United States District Judge Terence T. Evans issued an Order forfeiting any interest of said defendants in the following items: (a) Currency seized on June 30, 1986 pursuant to the execution of a search warrant at 8495 Woodvale Drive, Oak Creek, Wisconsin, in the amount of $18,000. (b) Currency seized on August 21, 1986 pursuant to the execution of a search warrant on one brown four-door Cadillac, Wisconsin License No. MH7267 in the amount of $41,006. (c) A 1966 model Jeep bearing VIN 1JTWL6573GTO43040. (d) A 1966 Cadillac bearing VIN 1G6CD6984G424377. (e) A 1966 Ford LTD bearing VIN 2FABP42F36X105839. (f) A 1985 Volvo bearing VIN YV1DX8748F2205889. (g) A 1985 Ford custom van, bearing VIN 1FDEE14F9FHB91757. (h) One 1985 "4 Winns" 19' boat, serial number 4WNTH034C585 with in-board out-board motor number A438902 and trailer number 12E1LSW13FG008487. (i) One 1957 Chevrolet bearing VIN VC57A174983. (j) All furniture and appliances maintained within the residence located at 8495 Woodvale Drive, Oak Creek, Wisconsin, as of June 30, 1986. (k) Any financial interest of Menelao Orlando Estevez, Celestino Orlando and/or Omar Estevez in real estate located at 11821 S.W. 95th Street, Miami, Florida, more particularly described as "Glen Cove, West Sec. 1, PB 1180–30, Lot 30 Blk. 1, Lot Size 5800 Sq. Ft." (l) any financial interest of Menelao Orlando Estevez, Celestino Orlando Estevez and/or Omar Estevez in real estate located at 11712 S.W. 97th Street, Miami, Florida, more particularly described as "Lot 3, Block 1, Glen Cove West Section One, according to the plat thereof, as recorded in Plat Book 118 at page 30, of the Public Records of Dade County, Florida." (m) A 1986 Ford Mustang bearing VIN 1FABP27M6GF256418. (n) All furniture and appliances maintained with the residence located at 11821 S.W. 95th Street, Miami, Florida, as of August 27, 1986. Notice of the Order of Forfeiture and Seizure, and of the United States' intent to dispose of the property in such manner as the Attorney General may direct, is hereby given to all persons who may have an interest in the property specified above. Any persons wishing to assert a legal interest in the property must petition the court for a hearing to adjudicate the validity of the alleged interest in the property. Such persons must file a claim with the court and shall serve a copy thereof upon the United States Attorney, 517 E. Wisconsin Avenue, Milwaukee, Wisconsin 53202, within 30 days of the final publication of this notice or receipt of this notice, whichever is earlier. Pursuant to Title 21, United States Code, Section 851(n), the petition must be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title or interest in the property, the time and circumstances of the petitioner's acquisition of right, title or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. Dated at Milwaukee, Wisconsin this 6th day of January, 1987. JOSEPH P. STADT-

MUELLER United States Attorney By: ERIC J. KLUMB Assistant United States Attorney 2/19–26 3/5–12–19–26 87–021914M

---

RIPPLE, Circuit Judge.

I join the judgment and opinion of the court. I write separately only to emphasize that, by deciding the case on the narrowest ground presented by the record, the court need not and does not reach the issue of whether, or under what circumstances, notice by publication alone might be constitutionally inadequate. *See Mullane v. Central Hanover Bank,* 339 U.S. 306, 315–16, 70 S.Ct. 652, 657–58, 94 L.Ed. 865 (1950). *See generally Mennonite Bd. of Missions v. Adams,* 462 U.S. 791, 103 S.Ct. 2706, 77 L.Ed.2d 180 (1983); *Greene v. Lindsey,* 456 U.S. 444, 102 S.Ct. 1874, 72 L.Ed.2d 249 (1982).