**UNITED STATES COURT OF APPEALS**
**For the Fifth Circuit**

No. 99-20321

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

VERSUS

YOLANDA MARTINEZ,

Appellant.

Appeal from the United States District Court
for the Southern District of Texas

September 22, 2000

Before DAVIS, JONES and STEWART, Circuit Judges.

DAVIS, Circuit Judge.

After entering a guilty verdict on multiple RICO counts pursuant to defendant's plea agreement, the district court entered a preliminary order forfeiting a number of the defendant's assets. The defendant's wife, Yolanda Martinez ("Yolanda"), filed a claim in the ancillary proceeding claiming an interest in some of these assets on the basis of Texas community property law. The district court rejected her claims to all assets acquired after the commencement of the RICO conspiracy. Except for the district court's disposition of Yolanda's claim to one item of property

purchased before the RICO conspiracy commenced, we affirm the district court's order.

I

Ramon Martinez ("Martinez") was convicted pursuant to a guilty plea of multiple RICO violations. The Government, as part of that prosecution, sought to forfeit a number of Martinez' assets under the criminal forfeiture provisions of 18 U.S.C. § 1963. Martinez agreed to the forfeiture of a number of his assets but contested the Government's attempt to forfeit other assets. The district court held a forfeiture hearing on the contested assets and concluded that the assets were, in fact, proceeds from the RICO drug enterprise. The court then issued a preliminary order of forfeiture as to those assets.

Following the district court's entry of the preliminary order of forfeiture, Yolanda, and others filed petitions in an ancillary proceeding, each claiming an interest in a number of the forfeited assets.[1]

Yolanda asserted in her petition that Texas community property law entitled her to an undivided l/2 interest in the forfeited

---

[1] 18 U.S.C. § 1963(*l*)(2) states that:

[a]ny person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may ... petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

assets and that Texas' homestead laws protected her rights to her and Martinez' primary residence.

The Government filed a motion for summary judgment, seeking an order declaring that Yolanda failed to present issues of fact and thus, as a matter of law, Yolanda had no legitimate claim to any of the forfeited property.[2]

Yolanda filed a response to the motion for summary judgment in which she argued: (1) that the Federal Rules of Civil Procedure, including the procedures for summary judgment, do not apply in proceedings ancillary to a criminal case, and (2) that the property interests claimed in her petition were not subject to forfeiture.

The district court, without specifically addressing Yolanda's arguments and without assigning reasons, rejected her claim to all items of property except one which was designated "Asset 28" or "Mindy's Hacienda Apartments."

With respect to this property, Yolanda claimed a community property interest and also argued that under no circumstances could the forfeiture affect her interest in the property because she and her husband acquired the land underlying Mindy's Hacienda Apartments in 1970, before the Government contended the RICO conspiracy began. The Government conceded Yolanda's superior right

---

[2] The Government also sought summary judgment and a declaration that the remaining claimants also had no interest in the property as a matter of law. The district court granted the Government's motion as to all claimants. However, Yolanda is the only claimant who filed an appeal and for that reason we need not discuss any of the other claims.

to a 1/2 interest in the land underlying Mindy's Hacienda Apartments. The Government then excepted from its motion for summary judgment Yolanda's claimed interest in 1/2 of the land upon which Mindy's Hacienda Apartments was constructed. The Government, however, challenged Yolanda's claim to the apartments, and any other improvements to this property, arguing that they were built on the land after 1973, with proceeds from the RICO drug conspiracy. The Government represented that Martinez purchased the land in 1970 for $2,500. The district court, without specifying reasons, awarded Yolanda 1/2 of that amount, or $1,250.

Yolanda raised three issues in the district court that are properly before us on appeal: (1) whether the district court erred in refusing to give her a hearing; (2) whether the district court erred in concluding that she had no community property interest in the forfeited property by virtue of her marriage to Martinez; (3) whether the district court erred in concluding that she had no homestead interest in certain forfeited assets; and (4) whether the district court erred in its disposition of her claim to the land purchased for Mindy's Hacienda Apartments.[3] We consider these

---

[3] Yolanda also argues on appeal that summary judgment was inappropriate because she and Martinez invested legitimate funds in some of the forfeited properties and, presumably, she is entitled, at least, to reimbursement of these funds. However, Yolanda did not make this argument in the district court and we do not consider issues raised for the first time on appeal. Diaz v. Collins, 114 F.3d 69, 71 (5th Cir. 1997) (holding that "[i]t is our well-settled rule that 'issues raised for the first time on appeal are not

4

arguments in turn.

II

A

Although § 1963 gives a claimant a right to a hearing on the merits of a claim presented in an ancillary proceeding within 30 days if practicable,[4] no hearing on the merits is necessary if the court can dispose of the claim on the pleadings as a matter of law. See United States v. BCCI Holdings (Luxembourg), S.A., (In re Petitions of General Creditors), 919 F.Supp 31, 36 (D.D.C. 1996)("If a third party fails to allege in its petition all elements necessary for recovery ... the court may dismiss the petition without providing a hearing"); see also United States v. Campos, 859 F.2d 1233, 1240 (6th Cir. 1988)(holding that under 21 U.S.C. § 853 a district court is not required to hold a hearing or trial where claimants fail to allege or make a prima facie showing of a legal right, title, or interest in the forfeited property). We are satisfied that Congress intended to grant a third party the right to a hearing only when facts are in dispute that require resolution in order to resolve the claim. We therefore reject Yolanda's argument that a district court must hold a hearing and

_____

reviewed by this Court unless they involve purely legal questions and failure to consider them would result in manifest injustice'")(citation omitted).

4 "The hearing on the petition shall, to the extent practicable and consistent with the interests of justice, be held within thirty days of the filing of the petition." 18 U.S.C. § 1963(*l*)(4).

5

allow parties to call witnesses when their petition fails as a matter of law to establish their claim to any of the forfeited property.

B

Section 1963 provides for the criminal forfeiture of a defendant's interest in the proceeds of RICO activities. A defendant's interest in the proceeds of RICO activities extends to property traceable to the proceeds of racketeering activity. See 18 U.S.C. § 1963(a)(3). "Under the doctrine of 'relation back,' [set forth in § 1963(c)] the defendant's interest in the property forfeited under § 1963(a) is divested at the time the racketeering activity upon which the conviction is predicated occurs."[5] See United States v. Pelullo, 178 F.3d 196, 201 (3rd Cir. 1999); see also United States v. Bucuvales, 970 F.2d 937, 947 (1st Cir. 1992)

---

[5] Yolanda argues that the relation back doctrine cannot be applied retroactively to assets acquired prior to the October 1984 amendments to § 1963, which included § 1963(c). However, the relation back doctrine was part of the 1970 RICO statute. See United States v. Ginsburg, 773 F.2d 798, 803 (7th Cir. 1985)(en banc), cert. denied, 475 U.S. 1011 (1986) (rejecting argument that Congress intended to limit forfeiture to include only the property titled to defendant at the time of conviction). And, Martinez continued to operate the RICO enterprise after 1984, so the amendment applies to the case at hand. United states v. McHan, 101 F.3d 1027, 1041 (4th Cir. 1996), cert. denied, 520 U.S. 1281 (1997)(holding that under comparable 21 U.S.C. § 853, also enacted by the Comprehensive Crime Control Act of 1984, because defendant's continuing criminal enterprise continued after Congress' amendment to the forfeiture statute, the amended statute applies). Therefore, we reject Yolanda's argument and conclude that the "relation back doctrine" applies to the contested assets.

cert. denied 507 U.S. 959 (1993).  Section 1963, in broad terms, permits third-parties to challenge an order of forfeiture where that party can demonstrate that: (1) she had a vested interest in the property at the time the criminal acts took place; or (2) she is a bona fide purchaser for value.  18 U.S.C. § 1963(6).

Because Yolanda does not argue that she is a bona fide purchaser we consider only whether she has shown that she owned an interest in the contested property at the time Martinez engaged in the criminal acts.  On the merits, we agree with the Government that Yolanda has failed to assert a legal right or interest in any of the contested assets.

Yolanda argues that she has a property interest in the contested assets based on Texas' community property law.  However, all of the assets that Yolanda claims, except the land underlying Mindy's Hacienda Apartments, were acquired by Martinez with the proceeds of the RICO operation for which Martinez was convicted. Because the "relation back doctrine" operates to vest title in the Government to the proceeds of Martinez' RICO activities as of the time Martinez engaged in those illegal activities, these proceeds, and any property purchased with the proceeds, never became community property.

We further conclude that Yolanda has failed to establish a homestead interest in the property referred to as "Asset 2" or the "Martinez Compound," one of the contested assets.   For substantially the same reasons as above, the forfeiture relates

7

back to the time of the illegal activity for which Martinez was convicted. Thus, neither Martinez nor Yolanda, individually or through the community, ever had title to the claimed homestead property. Because Yolanda is not an owner or owner's spouse, she is precluded under Texas law from asserting a homestead exemption. See Shepler v. Kubena, 563 S.W.2d 382, 386 (Tx. Civ. App. -- Austin 1978, no writ) (holding that the benefits of homestead laws are based upon homestead claimants' rights in property and have no separate existence independent of such rights, such that homestead rights in property can rise no higher than right, title, or interest which claimant owns in property); see also Sparks v. Robertson, 203 S.W.2d 622, 623 (Tx. Civ. App. – Austin 1947, writ ref'd).

C

With the exception of its resolution of Yolanda's claim to Mindy's Hacienda Apartments, we agree with the district court that Yolanda stated no legal claim to the forfeited property and the district court correctly dismissed her petition.

As to Yolanda's claim to Mindy's Hacienda Apartments, for reasons stated above, Yolanda acquired no interest in these improvements on the land purchased in 1970 because the improvements constructed on the land were fueled by proceeds from Martinez' RICO drug conspiracy. As to the land acquired in 1970, however, Yolanda owned an undivided 1/2 interest in that property. We disagree with the district court, however, that the value of that

property is necessarily determined by the 1970 purchase price. The Government conceded that Yolanda owned a 1/2 interest in the land. Therefore, the district court should have entered a judgment recognizing Yolanda's 1/2 interest in that land or, alternatively, 1/2 the current value of the land rather than the 1970 value of the land. Because the Government made clear in its motion that it had no claim to the land underlying Mindy's Hacienda Apartments, that property and its value was completely outside the scope of the motion and was not properly before the district court. Accordingly, we remand to the district court Yolanda's claim to 1/2 of the land underlying Mindy's Hacienda Apartments so that both parties will have an opportunity to present evidence of the current value of that land.

We also note that Yolanda requested a trial by jury to adjudicate her interest in the forfeited property. We leave to the district court in the first instance to determine the 7th Amendment guarantees to Yolanda a jury trial to determine the current market value of the land underlying Mindy's Hacienda Apartments. We therefore REMAND this case to the district court to resolve Yolanda's claim to this item of property.

AFFIRMED in part, REVERSED and REMANDED in part.

Judge Carl S. Stewart concurs in the judgment only.

9