PER CURIAM: *
Community Housing Fund (“CHF”) appeals from the district court’s dismissal of its third-party petition which claimed an interest in property subject to a Preliminary Order of Forfeiture. The district court found the petition to be untimely. We AFFIRM.
I. BACKGROUND
CHF is a nonprofit corporation that Barbara Hildenbrand established in 1992. Hildenbrand serves as CHF’s registered agent for service of process and as its president. CHF participated in the Department of Housing and Urban Development’s (“HUD”) Single Family Affordable Housing Program. As part of this program, CHF purchased HUD-owned properties at a discounted rate, renovated them, and sold them to low-income buyers. Ranscott Construction, Inc., which is run by Gerald Stone, performed the majority of the renovations. While participating in HUD’s program, Hildenbrand and Stone were charged with wrongful receipt or use of HUD funds. Both pled guilty in 2005. As part of his plea agreement, Stone agreed to the forfeiture of a yacht and a condominium in Florida. Hildenbrand entered no such agreement.
On May 22, 2006, the district court entered a Preliminary Order of Forfeiture. It was served on all counsel of record in Stone and Hildenbrand’s criminal case, both by mail and through the court’s electronic filing system. Hildenbrand’s counsel received that order. The government also published the final notice of forfeiture in a Florida newspaper on July 10, 2006. On August 8, 2006, CHF filed a petition for a hearing to adjudicate its interest in the yacht and the condominium Stone had agreed to forfeit. The district court dismissed the petition as untimely.
On appeal, CHF disputes that it received direct written notice of the forfeiture. Instead, CHF argues that its petition was timely when measured from the date of the newspaper publication.
II. DISCUSSION

A, Receipt and Sufficiency of the Direct Written Notice

When a third party petitions a court asserting its interest in property to be *336 forfeited to the government, the court must conduct an ancillary proceeding. Fed.R.Crim.P. 32.2(c). Although these proceedings arise in a criminal context, they closely resemble civil proceedings. United States v. Corpus, 491 F.3d 205, 208 (5th Cir.2007). Under Rule 32.2(c)(1), there are two points in time at which a petition can be dismissed. Prior to a hearing or to discovery, the court may, upon a motion from a party, “dismiss the petition for lack of standing, for failure to state a claim, or for any other lawful reason.” Fed.R.Crim.P. 32.2(c)(1)(A). Motions to dismiss under this provision resemble Federal Rule of Civil Procedure 12(b) motions and are reviewed as such. Pacheco v. Serendensky, 393 F.3d 348, 352 (2d Cir. 2004). After discovery but before a hearing, a party may move for summary judgment. Fed.R.Crim.P. 32.2(c)(1)(B). A court’s decision under this provision is reviewed using the same standard as under Federal Rule of Civil Procedure 56. Corpus, 491 F.3d at 208-09.
Though the district court did not refer to a specific part of Rule 32.2(c)(1) that was being applied, evidence outside the pleadings was necessary for the resolution. Thus, this was a summary judgment. We review a grant of summary judgment de novo. McIntosh v. Partridge, 540 F.3d 315, 319 (5th Cir.2008). Summary judgment is appropriate when no disputed issue of material fact exists, and the movant is entitled to judgment as a matter of law. Id. at 320.
After an order of forfeiture is entered, the government is required to publish notice of the order and may also, to the extent practicable, provide direct written notice to anyone known to have a potential interest in the property. 21 U.S.C. § 853(n)(1). Any third party asserting an interest in the property being forfeited may petition the court for a hearing within 30 days either of receiving actual notice or of the date of final publication of the notice, whichever occurs earlier. Id. § 853(n)(2). CHF argues that it never received direct written notice because it was not served with the order. Therefore, CHF argues that its petition was timely because it was filed within 30 days of the final publication notice. The government argues that CHF received direct written notice when Hildenbrand was served with the order through her lawyers.
There is no argument that written notice was ever sent to Hildenbrand’s personal or CHF’s corporate address. The direct written notice that went out was addressed to and received by Hildenbrand’s attorneys in her criminal case. The issue is whether that receipt was sufficient to put CHF on notice. CHF argues that direct written notice needed to be given to CHF or directed to Hildenbrand in her official capacity as registered agent. However, CHF points us neither to language in the statute nor other authority that “direct written notice” is only satisfied in that way in circumstances such as this. We will delve into the specifies of those circumstances below.
In summary, Hildenbrand through her attorneys received this notice; nothing holds such notice to be inadequate. Thus, whether this procedure was good enough is an issue of constitutional due process. The notice must have been “reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.” Mullane v. Cent. Hanover Bank & Trust Co., 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). This focus on reasonableness is not done blindly but instead views all the circumstances. The relevant ones here include that CHF is a small, nonprofit organization. The government introduced *337 certain corporate records from the Texas Secretary of State’s Office. They reveal that when the Articles of Incorporation were filed in 1992, Hildenbrand was one of the three incorporators, was the original registered agent, and was the only signatory to the Articles. When the amendments to the Articles were filed later that first year, Hildenbrand signed as president and also did so in filings in 1996 and 1999. When amendments to the Articles were filed by Hildenbrand as president in 2003, the document stated that there were no “members” of the corporation. A Texas non-profit corporation need not have members. Tex.Rev.Civ. Stat. Ann. art. 1396-2.08(A). Their absence suggests all the more, though, that Hildenbrand was the corporation.
At the time of the service of the notice to her attorney, Hildenbrand was the president and registered agent of a nonprofit corporation without members. On behalf of CHF, she brought the third-party petition that commenced the proceedings we review today. She is also one of three members of the CHF board of directors. Hildenbrand is the only director to have served on the board continuously since CHF’s inception in 1992.
Also a circumstance is that the prosecution for which Hildenbrand had employed the attorney who received the forfeiture notice, charged her with using CHF for illegal purposes, purposes which were the grounds for forfeiture. Thus, her attorneys received the notice in a case in which CHF was a central actor.
Based on these circumstances, we find that direct written notice to Hildenbrand through her attorneys on May 22, 2006, was reasonably calculated to apprise CHF of the need to assert any rights to the property being forfeited. With Hildenbrand’s receipt, it was proper for the district court to conclude that CHF received direct written notice. When CHF filed its third-party petition on August 8, 2006, the 30-day time period for filing the petition had expired.
CHF also argues that the notice was inadequate because it failed to mention CHF specifically or its interest in the property. See United States v. Estevez, 845 F.2d 1409 (7th Cir.1988) (government provided insufficient notice to a third party). In Estevez, the notice referred to the forfeiture of any of a group of criminal defendants’ financial interests in a piece of real property. Id. at 1411 n. 3. However, the third-party petitioner actually owned the piece of real property, not the defendants. Id. at 1411. Until the third-party petitioner was directly served, he was not on notice of the threat to his property. Quite differently, in the present case, the order provided for the forfeiture of specific property. Identified in the notice was the yacht and “all buddings, appurtenances, and improvements” located at the condominium in Florida. This was sufficient to put CHF on notice that it needed to file a third-party petition if it had an interest in any of that specific property.
The filing by CHF of its petition was untimely.

B. Dismissal of the Petition Before the Government Could Seek a Final Order

CHF also argues that granting the government’s motion to dismiss CHF amounted to an improper default judgment. It offers caselaw on the standards for default judgments and argues they were not met. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir.1986). The argument focuses on the prejudice factor relevant to the review of default judgments and concludes that no prejudice existed because petitions from any third parties whose notice was solely by publication *338 would not yet have been due when CHF’s petition was filed.
We find the argument misdirected. What occurred here was not a default judgment. It is true that the government cannot gain title until after the period has expired during which parties who receive notice only by publication may file their petitions. 21 U.S.C. § 853(n)(7). CHF is correct that when CHF filed its petition on August 8, 2006, third parties that had received notice by publication still had two more days to file their timely petitions. However, the district court did not enter a default judgment against CHF. Such a judgment resolves a claim by a party properly served or who is otherwise present in the litigation, and who thereafter fails to plead or defend. Fed.R.Civ.P. 55(a). We have found CHF to have been served, but only with a notice of the opportunity to assert a claim. It was for CHF to assert that claim within 30 days. 21 U.S.C. § 853(n)(2). All those who are served or receive constructive notice of the forfeiture are not parties against which a default judgment would be appropriate. They are potential claimants who must timely appear and assert their rights.
We find the district court appropriately dismissed CHF’s petition based on the fact that it was not timely filed. When any judgment on the forfeiture eventually was entered, those who had not timely responded would not have been eligible to have their interests considered. No default judgment would have been needed against them. Disputes about whether or not the government would have been prejudiced by considering any late-filed petitions are irrelevant.
The district court’s dismissal of the petition is AFFIRMED.

 Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.