# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2013

No. 12-20209
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARUN SHARMA; ET AL,

Defendants

GAURAV SHARMA,

Movant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-409-1
USDC No. 4:09-CR-409-2

Before REAVLEY, JOLLY, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Gaurav Sharma appeals from the district court's dismissal of his third-party petition claiming an interest in property that was subject to a preliminary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

order of forfeiture. The district court dismissed the petition as untimely. We AFFIRM.

Sharma is the son of Dr. Arun Sharma and Dr. Kiran Sharma, both of whom pleaded guilty to health care fraud. As part of the plea agreements in the criminal case, the Government agreed to place $1.5 million of the cash seized from Arun and Kiran Sharma into an irrevocable trust to be used exclusively for Sharma's education. On February 7, 2011, the district court issued a preliminary order of forfeiture, ordering the forfeiture of various assets and also ordering that $1.5 million be placed in a trust in accordance with the plea agreement. The court further ordered that "[a]ny money placed in the trust but not ultimately used for the purpose stated in the Plea Agreement is likewise ordered forfeited to the United States as fraud proceeds and as substitute assets."

Sharma was personally served with the preliminary forfeiture order. He, along with his sibling, then filed a third-party petition contesting the forfeiture of various assets in which he claimed an interest. The petition did not address the educational trust. Sharma's third-party claims were later settled with the Government.

On January 12, 2012, upon motion by Arun and Kiran Sharma, the district court ordered the Government to fund the educational trust with $1.5 million. On January 26, 2012, the Government filed a notice indicating that $1.38 million had been placed in the trust and $120,000, representing advances and credits that the parties had previously agreed would be deducted from the trust amount, had been placed in the court's registry. Sharma then filed another third-party petition on January 27, 2012, concerning the $1.38 million and asking for an ancillary proceeding. The Government argued in response that the petition was untimely, and the district court agreed. Sharma now appeals.

We review de novo the district court's legal conclusions regarding third-party claims to property subject to a forfeiture order and its factual findings for

clear error. *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009). After the district court enters a criminal forfeiture order, any person, other than the defendant, wishing to assert an interest in property that is subject to the order "may, within thirty days . . . petition the court for a hearing to adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2). The thirty day window for a party to petition the court begins from either the date of actual notice or the final publication of notice of the forfeiture order, whichever is earlier. *Id.* A third party who files an untimely petition loses his right to assert any interest in the property. *See Marion*, 562 F.3d at 1337; *United States v. Stone*, 304 F. App'x 334, 336 (5th Cir. 2008); *see also* FED. R. CRIM. P. 32.2 Advisory Committee Notes (2000 Adoption) (explaining that under subsection (c) "if a third party has notice of the forfeiture but fails to file a timely claim, his or her interests are extinguished").

In the instant case, Sharma received actual notice of the preliminary forfeiture order on March 3, 2011, but he did not file his third-party petition related to the educational trust until January 27, 2012, long after the thirty day period expired. Sharma argues that the thirty day window did not begin until the Government funded the trust on January 26, 2012. He contends that until that date he had no interest in forfeited assets to assert because January 26 was the first time he learned that the Government allegedly would not fund the educational trust in accordance with the plea agreement. Sharma contends that the plea agreement required all of the $1.5 million to be used exclusively for his education but that the trust agreement drafted by the Government required any funds not distributed from the trust to be forfeited. We are not persuaded.

Sharma is not disputing the amount of funds actually placed in the trust. Instead, he seeks to assert an interest in the balance of funds remaining in the educational trust after his education expenses have been paid. As noted above, however, the district court's preliminary order of forfeiture expressly provided

No. 12-20209

that any funds not used for the purpose stated in the plea agreement, i.e., Sharma's education, would be forfeited as fraud proceeds and substitute assets. Therefore, Sharma is incorrect that he did not know the funds would be forfeited until January 26, 2012, because he was aware at least as of March 3, 2011, when he received actual notice of the preliminary forfeiture order. Moreover, to the extent that Sharma has standing to assert that this provision breached his parents' plea agreement, this court has already rejected a similar argument raised in Arun and Kiran Sharma's direct criminal appeal. *See United States v. Sharma*, 2012 WL 6621766, at \*6 (5th Cir. Dec. 20, 2012).

The district court's judgment is AFFIRMED.

4