# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

January 31, 2013

No. 11-41371

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA

Plaintiff-Appellee,

versus

OMAR ALVAREZ,

Defendant,

versus

A. A.,

Claimant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before HIGGINBOTHAM, SMITH, and ELROD, Circuit Judges.
JERRY E. SMITH, Circuit Judge:

The claimant, A.A., appeals an order of criminal forfeiture. We affirm the judgment but remand to correct a clerical error.

No. 11-41371

I.

A.A. is the minor child of Omar Alvarez, who pleaded guilty of conspiracy to possess with intent to distribute more than five kilograms of cocaine. Under the plea agreement, Alvarez agreed to forfeit his interest in property on South Fourth Street in Sullivan City, Texas, which he admitted using in furtherance of the conspiracy. The property had been owned by Alvarez's father, and based on a 2006 conversation between Alvarez and his father, Alvarez believed the property would be left to him. It was not until the father's death in 2008 that the family realized the house had been deeded to A.A. in 2001, when she was three years old. The Alvarez family had not lived at the South Fourth Street property for over a decade when the conspiracy began.

On January 28, 2010, the district court signed a Preliminary Order of Forfeiture under 21 U.S.C. § 853. Several attempts were made to notify A.A. and her mother, Maricela, of the pending forfeiture. The order was posted to the government's forfeiture website on February 6. Copies were personally served on Maricela and on A.A., in care of Maricela, on February 11, to their Mission, Texas, residence; Maricela signed for both services. In addition, notice was served on A.A.'s grandmother, Maria, at another address on South Fourth Street. The notice was also affixed to the South Fourth Street property and stated that anyone "asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the Court for a hearing," and "[i]f no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2)."[1]

On April 26, seventy-four days after service of the preliminary order, Mari-

---

[1] The Order was amended on February 23 to correct a clerical error in the description of the house. The amended Order was served on Maricela, Maria, and A.A. in care of Maricela, on March 18. Maricela signed all three receipts.

No. 11-41371

cela filed a claim in response, asserting a legal interest in the property on A.A.'s behalf, under 21 U.S.C. § 853(n), based on the 2001 deed of the property from her grandfather. The government moved for dismissal or summary judgment, asserting that A.A. did not have an interest in the property and was a mere nominee.[2] After Omar's sentencing,[3] the government amended its motion, adding that A.A. had failed to file within the statute's thirty-day deadline.

On November 17, 2011, the district court orally granted the government's motions. The court entered a Final Judgment of Forfeiture on December 9, dismissing A.A.'s claim "for failure to timely file the petition and to establish standing under Title 21 U.S.C. section 853." The court found "that Claimant A.A. is neither a bona fide purchaser for value or a holder of a legal interest in subject property under Title 21 U.S.C. section 853(n)."

## II.

### A.

Although the district court gave several grounds on which to decide this case, we consider only the dismissal for A.A.'s failure to file timely.[4] This court reviews motions to dismiss *de novo*, assuming all of petitioner's allegations are true.[5] The dismissal is affirmed "only if it is clear that no relief could be granted

---

[2] The government also made a Joint Motion for Agreed Final Judgment of Forfeiture, proposing a resolution of the claims against the property by various taxing authorities.

[3] At Omar's sentencing hearing on February 28, 2011, the court refused to consider A.A.'s claim of interest, because she was not properly represented. The court allowed testimony from Omar about the property for use in the ancillary proceedings regarding A.A.'s interest.

[4] *Palmer v. Waxahachie Indep. Sch. Dist.*, 579 F.3d 502, 506 (5th Cir. 2009) (citing *United States v. Dunigan*, 555 F.3d 501, 508 n.12 (5th Cir. 2009)).

[5] *Gibson v. Tex. Dep't of Ins.*, 700 F.3d 227, 233 (5th Cir. 2012) (citing *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012)); *see also Pacheco v. Serendensky*, 393

(continued...)

3

No. 11-41371

under any set of facts that could be proved consistent with the allegations."[6]

In criminal-forfeiture cases, third parties wishing to claim an interest in a property have a limited window to petition the court:  A person "may, within thirty days of the final publication of notice or his receipt of notice . . . whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property."  21 U.S.C. § 853(n)(2).  If a third party-claim is not raised, "the United States shall have clear title."[7]

### B.

The government made a reasonable effort to provide A.A. notice of the forfeiture.  Once a preliminary forfeiture order is entered, the government must publish notice and "to the extent practicable, provide direct written notice to any person known to have alleged an interest in the property." 21 U.S.C. § 853(n)(1); *see also* FED. R. CRIM. P. 32.2(b)(6)(A).  The publication must be by a means "reasonably calculated to notify potential claimants of the action."  FED. R. CIV. P. SUPP. R. G(4)(a)(iv) (incorporated by Rule 32.2).  This standard mirrors the notice requirements of due process, *see Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950), and the government need not exert "heroic efforts" or ensure actual notice, *Dusenbery v. United States*, 534 U.S. 161, 170–71 (2002).

Not only was notice posted on the government website, but a copy of the forfeiture order was personally served on A.A., in care of her mother, on Febru-

---

[5] (...continued)
F.3d 348, 352 (2d Cir. 2004).

[6] *Pacheco*, 393 F.3d at 352 (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 514 (2002)).

[7] 21 U.S.C. § 853(n)(7); *see also United States v. Stone*, 304 F. App'x 334, 338 (5th Cir. 2008) (per curiam).

4

ary 11, 2010.[8]  The accepted service explicitly stated that any person with an interest had thirty days to file a petition.  Personal service, directly to A.A.'s mother, was reasonably calculated to trigger the thirty-day window.[9]

After the sufficient notice, the thirty days began to run on February 11, when A.A. was physically served.  On April 26, 2010, seventy-four days later, A.A.'s mother filed a petition on her behalf.  Rather than urging that the petition was timely, A.A. argues for a more flexible deadline for minors; we decline to rewrite the statutory timeline.[10]  Because the petition was untimely under § 853(n)(2), we affirm the dismissal of A.A.'s claim.[11]

There is one minor error that needs attention.  We remand for correction of the judgment to include the forfeiture of the South Fourth Street property.  Rule 32.2(b)(4)(B) of the Federal Rules of Criminal Procedure requires that the

---

[8] Federal Rule of Civil Procedure 17(c)(1)(A) allows a "general guardian" to "sue or defend on behalf of a minor or an incompetent person."

[9] Unable to show that Maricela had any bias against A.A.'s interest, A.A. asks this court to create what A.A. admits would be a novel rule in any jurisdiction—that service on a guardian is not sufficient if the guardian is married to the criminal defendant.  We decline to adopt such a sweeping rule.

[10] The federal courts have consistently rejected requests to create tolling exceptions for minors, reasoning that in the absence of an express legislative directive to the contrary, parents and guardians are assumed to be adequate surrogates.  *See, e.g.*, *Wilson ex rel. Wilson v. Gunn*, 403 F.3d 524, 526–27 (8th Cir. 2005) (refusing to create minority exception to two-year limitations period in Federal Tort Claims Act); *Robbins v. United States*, 624 F.2d 971, 972 (10th Cir. 1980) (same); *Pittman v. United States*, 341 F.3d 739, 740–41 (9th Cir. 1965) (same); *Patrick B. ex rel. Keshia B. v. Paradise Protectory & Agric. Sch., Inc.,* 2012 WL 3233036, at *5 (M.D. Pa. Aug. 6, 2012) (refusing to create minority tolling exception to two-year limitations in Individuals with Disabilities Education Act); *Smith v. H.B. Allsup & Sons, Inc.*, 718 F. Supp. 21, 22 (S.D. Miss. 1989) (same for two-year period in Fair Labor Standards Act); *Townsend v. Treadway*, 1974 WL 1256, at *3 (M.D. Tenn. Mar. 2, 1973) (same); *Hall v. E.I. du Pont de Nemours & Co.*, 312 F. Supp. 358, 360–61 (E.D. N.Y. 1970) (same for four-year period in Clayton Act); *Sgambati v. United States*, 75 F. Supp. 18, 19 (S.D.N.Y. 1947) (same for two-year period in Suits in Admiralty Act).

[11] Notably, A.A. did not move for an extension under Federal Rule of Civil Procedure Rule 6(b)(1), which allows the court to, "for good cause," extend the deadline after its expiration on motion of the party "if the party failed to act because of excusable neglect."

No. 11-41371

court include the forfeiture order in the judgment, but the court may correct a failure to do so at any time under Federal Rule of Criminal Procedure 36.

The order of forfeiture is AFFIRMED, and this matter is REMANDED for correction of the error noted above.