# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-20403
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 1, 2014

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ARUN SHARMA,

Defendant

GAURAV SUNNY SHARMA,

Movant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:09-CR-409-1

Before STEWART, Chief Judge, and ELROD and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

This case arises out of the criminal convictions of Arun and Kiran Sharma for a health care fraud conspiracy. *See United States v. Sharma*, 703

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20403

F.3d 318 (5th Cir. 2012), *cert. denied*, 134 S. Ct. 78 (2013).  On June 24, 2013, Gaurav Sunny Sharma, the Sharmas' son, filed a third-party petition under 21 U.S.C. § 853(n) for an ancillary proceeding to determine his rights to property forfeited as part of the criminal convictions.  The district court dismissed Sharma's petition, and he appealed.

"We review de novo the district court's legal conclusions regarding third-party claims to property subject to a forfeiture order and its factual findings for clear error." *United States v. Sharma*, 509 F. App'x 381, 382 (5th Cir. 2013). Sharma argues that the entry of the amended criminal judgment reducing the amount of restitution allowed him 30 days to file a new third-party petition under § 853(n).  Sharma, however does not support this assertion.

The language of § 853(n) as cited in *Sharma*, 509 App'x at 382, provides that "[t]he thirty day window for a party to petition the court begins from either the date of actual notice or the final publication of notice of the forfeiture order, whichever is earlier."  In *United States v. Alvarez*, 710 F.3d 565, 566 & n.1 (5th Cir. 2013), we held that the 30-day time limit began on the date of actual notice of the preliminary forfeiture order.  Sharma "received actual notice of the preliminary forfeiture order on March 3, 2011." *Sharma* 509 F. App'x at 382. We found that "the district court's preliminary order of forfeiture expressly provided that any funds not used for the purpose stated in the plea agreement, i.e., Sharma's education, would be forfeited as fraud proceeds and substitute assets." *Id.* at 383.  On appeal, Sharma does not address the issue of actual notice as relevant to an ancillary proceeding under § 853(n).  Sharma has shown no error in the district court's dismissal of his third-party petition under § 853(n).

AFFIRMED.