# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40797
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 13, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE MANUEL GONZALEZ,

Defendant

v.

LAURIE TORRES,

Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:06-CR-329-4

Before PRADO, OWEN, and GRAVES, Circuit Judges.

PER CURIAM:[*]

Laurie Torres appeals the dismissal of her third-party petition asserting

a legal interest in a property in Hunt County, Texas, that was the subject of a

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-40797

preliminary order of forfeiture in the criminal case against Jose Manual Gonzalez.[1] Torres, who claims to be Gonzalez's common law spouse, contends that her petition stated a claim for relief under 21 U.S.C. § 853(n) and Federal Rule of Criminal Procedure 32.2 because the presentence report (PSR) showed that her husband's drug trafficking conspiracy began after they purchased the property in July 1998. She thus argues that her own interest in the property vested before the Government's interest under the "relation back" doctrine in § 853(c). She acknowledges that, according to the indictment, the offense began in January 1998, but she argues that the PSR's description of the offense should control. She does not acknowledge Gonzalez's admission in the agreed preliminary order of forfeiture that the property was purchased with the proceeds of the drug trafficking conspiracy.

We apply de novo review to the district court's dismissal for failure to state a claim, taking all of Torres's allegations in the petition as true. *See United States v. Alvarez*, 710 F.3d 565, 567 (5th Cir. 2013). The dismissal will be "affirmed only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Id.* (internal quotation marks and citation omitted).

Contrary to Torres's claim, the PSR confirms that Gonzalez was engaged in the drug trafficking conspiracy in July 1998 when the property was purchased. It is indisputable that the Government's interest vested at the time of the offense under the relation back doctrine. *See* § 853(c); *United States v. Corpus*, 491 F.3d 205, 209 (5th Cir. 2007). Torres's argument that the PSR established the priority of her interest over the Government's is unavailing.

---

[1] Although the notice of appeal also references the final judgment of forfeiture against a second property located in Rockwall County, Torres abandons her appeal of that judgment by failing to address the forfeiture of that property. *See Brinkmann v. Dallas Cnty. Deputy Sheriff Abner*, 813 F.2d 744, 748 (5th Cir. 1987).

No. 14-40797

Torres also contends that, because she is Gonzalez's common law spouse, the property is community property and not amenable to forfeiture. This claim also fails under the application of the relation back doctrine. As discussed above, the Government's interest in the property vested at the time of Gonzalez's offense, which began before the couple purchased the property. Accordingly, the property never became the community property of Torres and Gonzalez. *See United States v. Martinez*, 228 F.3d 587, 590 (5th Cir. 2000) (interpreting an identical relation back provision in the RICO forfeiture statute).

The judgment of the district court is AFFIRMED.