# United States Court of Appeals for the Fifth Circuit

————————

No. 23-10873
Summary Calendar

————————

United States Court of Appeals
Fifth Circuit

**FILED**

September 23, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anida Gilowski,

*Defendant—Appellant*.

————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:19-CR-451-20

————————————————————

Before Wiener, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Artur Gilowski (Artur) was convicted by a jury of conspiracy to commit interstate transportation of stolen property and conspiracy to commit mail fraud. At Artur's sentencing hearing, Anida Gilowski, Artur's wife, signed a document, in which she agreed not to contest the forfeiture of property, except for any interest in the property located on W. Wildwood in

————————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-10873

Barrington, Illinois (Wildwood property). Anida filed a petition for adjudication of her legal interest in the Wildwood property. After holding a hearing, the district court denied her petition and entered final orders of forfeiture. Anida appeals.

According to Anida, the district court erred in issuing the final order of forfeiture as to the Wildwood property. In evaluating a district court's disposition of a petition filed under 21 U.S.C. § 853(n), we review factual findings for clear error and legal conclusions de novo. *United States v. Holy Land Found. for Relief & Dev.*, 722 F.3d 677, 683 (5th Cir. 2013). Additionally, we review de novo a district court's interpretation and application of § 853. *See United States v. Gore*, 636 F.3d 728, 730 (5th Cir. 2011).

The district court did not err in denying Anida's petition as she did not show that she had an interest in the Wildwood property superior to Artur's interest at the time he committed the offenses under § 853(n)(6)(A). *See Holy Land Found. for Relief & Dev.*, 722 F.3d at 684-85. Although the parties agreed that the Wildwood property was marital property under Illinois law, federal forfeiture law governs whether the property is subject to forfeiture to the Government. *See United States v. Martinez*, 228 F.3d 587, 590 (5th Cir. 2000). The evidence established that Artur's offenses began in September 2014, and continued through September 2019. The Wildwood property was purchased in March 2017, with proceeds from Artur's criminal activity for which he was convicted. The proceeds and any property purchased with the proceeds from Artur's criminal activity vested in the Government at the time Artur committed his offenses. *See* 21 U.S.C. § 853(c); *see also* 18 U.S.C. § 981(f); *see Martinez*, 228 F.3d at 590. The district court did not err in finding that even if Anida contributed her legitimate earnings from her employment as a nurse, her contributions were commingled with Artur's criminal proceeds and could not be separated. Because the proceeds of Artur's criminal activity and any property purchased

with those proceeds were subject to forfeiture and vested in the Government at the time of the offense, the property did not become martial property under state law. *See Martinez*, 228 F.3d at 590; *see also United States v. Hooper*, 229 F.3d 818, 820-22 (9th Cir. 2000). Therefore, Anida did not show that she had a superior interest in the Wildwood property in September 2014 when the interest in the criminal proceeds vested in the Government. *See* 21 U.S.C. § 853(n)(6)(A); *see also Holy Land Found. for Relief & Dev.*, 722 F.3d at 684-85.

For the first time on appeal, Anida argues that the document she signed in which she agreed not to contest the forfeiture of various properties except for the Wildwood property was unenforceable. As she concedes, we review the issue for plain error because she did not raise it in the district court. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). Accordingly, she must demonstrate that the district court's application of this statute contained an (1) error, (2) that was clear or obvious, and (3) affected her substantial rights. *See id.* If she does so, this court has discretion to correct that error if it "seriously affect[s] the fairness, integrity or public reputation of judicial proceedings." *Id.* (internal quotation marks, citation, and alteration omitted).

The record indicates that she knowingly and voluntarily signed the agreement. She did not state that she needed more time to read the agreement, that she did not understand or had questions concerning the agreement, or that she was forced or threatened into signing the agreement by the Government or by her husband's counsel. The district court did not err in rejecting her argument that she thought by signing the document, the Wildwood property would not be subject to forfeiture because the agreement did not contain such a statement. Further, Anida did not file a petition asserting an interest in the remaining two real properties or bank accounts, and she has not shown on appeal that she had an interest in the properties

and bank accounts that was superior to Artur's interest at the time he committed the instant offenses. Because she has not shown that she had a superior interest in these properties that she gave up when she signed the agreement, she has not shown that she was entitled to any consideration for signing the agreement. For these reasons, Anida has not shown that the agreement was unenforceable or that the district court plainly erred in entering a final order of forfeiture as to these properties and bank accounts based on the evidence presented at the trial and at the ancillary hearing. *See Puckett*, 556 U.S. at 135.

Finally, Anida argues that the forfeiture of the three real properties and the three bank accounts violated her rights under the Excessive Fines Clause of the Eighth Amendment. Her argument is foreclosed by this court's precedent in *United States v. Betancourt*, 422 F.3d 240, 249-51 (5th Cir. 2005), in which this court held that the Eighth Amendment had no application to the forfeiture of property acquired with criminal proceeds.

AFFIRMED.