UNITED STATES of America,

v.

Orlando MUCKLE, Defendant.

Case No. 3:06–cr–41 (CAR).

United States District Court,
M.D. Georgia,
Athens Division.

April 28, 2010.

Tamara A. Jarrett, Macon, GA, for United States of America.

### AMENDED ORDER ON MOTION TO DISMISS THIRD–PARTY CLAIM AND ON MOTION TO VACATE PRELIMINARY ORDER OF FORFEITURE

C. ASHLEY ROYAL, District Judge.

On February 3, 2009, Defendant Orlando Muckle entered a plea of guilty to one count of conspiracy to possess cocaine in excess of four hundred grams with intent to distribute. As part of his plea agreement, Muckle agreed to forfeit any right, title, and interest that he had in $214,980.00 in United States currency seized from a safe deposit box at Athens First Bank & Trust in Athens, Georgia. The safe deposit box was registered in the name of Juanita Davenport and Monteiro Charon Davenport. On March 16, 2009, the Court entered a Preliminary Order of Forfeiture pursuant to 21 U.S.C. § 853 ("Section 853"), finding that Muckle had an ownership interest in the currency and that the Government had established the requisite nexus between the currency and the offense to which Muckle pled guilty. Muckle was sentenced on April 22, 2009, and the forfeiture of the currency was included in the judgment.

Juanita Davenport has filed a third-party claim, in which she asserts that the currency belongs to her, not to Muckle.

Ms. Davenport was originally named as a co-conspirator in the Indictment in this case. On February 26, 2008, she entered a plea of guilty to one count of giving false information to a federal officer. Her plea agreement and sentence did not include any forfeiture. On March 17, 2009, the Government served a copy of the Preliminary Order of Forfeiture and Notice of Forfeiture on Ms. Davenport, by certified mail to Ms. Davenport's counsel of record, Xavier C. Dicks. The Government also served notice on other potential claimants, including on Monteiro Charon Davenport by certified mail to his home address. The return receipt was returned from Mr. Dicks's office signed but undated. A tracking search by the United States Postal Service shows that the notice was delivered to Mr. Dicks on March 19, 2009. Mr. Dicks filed a claim on Ms. Davenport's behalf on May 12, 2009.

■ Ms. Davenport's third-party claim must be dismissed, as it is untimely. The forfeiture statute requires a third-party claimant to file a claim "within thirty days of the final publication of notice or [her] receipt of notice under paragraph (1), whichever is earlier." 21 U.S.C. § 853(n)(2). Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure provides that a third party who fails to file a timely claim may not object to the forfeiture on the ground that the third party had an interest in the property. Courts have held that the time requirements of Section 853(n)(2) are mandatory and that a third party who fails to file a petition within the prescribed thirty days "forfeits her interest in the property." *United States v. Marion,* 562 F.3d 1330, 1337 (11th Cir. 2009).

Ms. Davenport's petition in this case was due on April 20, 2009, thirty-two days after her attorney, Mr. Dicks, received notice of

the Preliminary Order of Forfeiture.[1] Service of notice on a party's attorney of record constitutes "direct written notice" on that person under Section 853(n)(1). The term "direct written notice" is not defined in the criminal forfeiture statute or in Rule 32.2 as it applied prior to December 1, 2009. On December 1, 2009, an amended Rule 32.2 became effective, which explicitly incorporated the notice provisions of Rule G(4) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G(4)"). The 2009 Amendment to the Rule 32.2 states that direct notice of a preliminary order of forfeiture "may be sent in accordance with Supplemental Rules G(4)(b)(iii)-(v) of the Federal Rules of Civil Procedure." Fed.R.Crim.P. 32.2(b)(6)(D). Rule G(4)(b)(iii)(B) states that the Government may provide direct notice to a known potential claimant by sending notice to "the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case." Prior to the December 2009 amendment, Rule 32.2 did not include any directions regarding notice to potential third-party claimants.

In making explicit reference to Rule G(4), the 2009 amendment to Rule 32.2 serves only to codify a concept that was already implied under the forfeiture statutes and the requirements of due process. Courts have consistently held that a third-party ancillary proceeding under 21 U.S.C. § 853(n) is a civil case, not a criminal case. *See United States v. Pease*, 331 F.3d 809, 816 (11th Cir.2003); *United States v. Gilbert*, 244 F.3d 888, 906–07 (11th Cir.2001); *United States v. Douglas*, 55 F.3d 584, 585 (11th Cir.1995). The civil nature of ancillary proceedings is also noted in Rule 32.2 of the Federal Rules of Criminal Procedure, both before and after the 2009

amendment. See Fed.R.Crim.P. 32.2(c)(1). Because an ancillary proceeding is civil in nature, the Supplemental Rules may be applied even without explicit reference to them in Rule 32.2.

██ Moreover, the provisions of Rule G(4)(b)(iii) are themselves simply a restatement of the due process requirements that courts have always applied to determine whether notice is reasonable. Where proper notice is not otherwise defined by statute or rule, courts evaluate the sufficiency of notice under a due process standard. Due process is satisfied where notice is "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Dusenbery v. United States*, 534 U.S. 161, 168, 122 S.Ct. 694, 151 L.Ed.2d 597 (2002) (quoting *Mullane v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950)). Rule G(4) adopts the language of due process, requiring that notice "be sent by means reasonably calculated to reach the potential claimant." Rule G(4)(b)(iii)(A). The Rule then specifies that such reasonable notice includes notice sent "to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case." Rule G(4)(b)(iii)(B).

██ Whether Rule G(4) applies or not, notice to a potential claimant's known attorney of record is notice reasonably calculated to apprise the claimant of the pendency of the action and afford her an opportunity to present her objections. In this case, notice to Mr. Dicks was arguably the best or even the only proper method of providing notice to Ms. Davenport. It would have been unethical for the Govern-

---

**1.** April 18, 2009, was a Saturday.

ment's attorneys or other personnel to communicate directly with Ms. Davenport, since she was still represented by Mr. Dicks. Mr. Dicks represented Ms. Davenport throughout her criminal proceedings and also represented her with respect to the forfeiture proceeding. The undisputed record from the Government's attorney reflects that Mr. Dicks communicated with the Government's attorney and with Government personnel on several occasions regarding Ms. Davenport's claim. Mr. Dicks filed the untimely claim on Ms. Davenport's behalf. He continued to represent Ms. Davenport until she terminated his representation during a status conference on November 9, 2009. As Ms. Davenport's attorney, Mr. Dicks was aware of her interests and of her need to make a timely claim, and the Government acted properly in serving notice of the forfeiture through him. Neither the forfeiture statute nor due process required personal service on Ms. Davenport.

■ In addition to her objection to the Government's Motion to Dismiss, Ms. Davenport has also filed a Motion to Vacate the Preliminary Order of Forfeiture, in which she contends that the Government failed to make the required showing of a nexus between the seized currency and the offense to which Muckle pled. She lacks standing to object to the Preliminary Order of Forfeiture, however. Although Ms. Davenport was originally a criminal defendant in this case, she is a third party to the forfeiture action. She pleaded guilty and was sentenced to a term of probation more than nine months before the Preliminary Order of Forfeiture was entered against Muckle. There was no forfeiture involved in her guilty plea or sentence. The Preliminary Order of Forfeiture was imposed only on property of defendant Muckle, based on an initial finding that Muckle had an ownership interest in the currency at issue. The Preliminary Order of Forfeiture directs that

Any person, other than the above-named defendant [Muckle], asserting a legal interest in the property must, within thirty (30) days after receipt of notice, or no later than sixty (60) days from the first day of publication on the official internet government forfeiture site, www. forfeiture.gov., whichever is earlier, petition the Court for a hearing without a jury to adjudicate the validity of his alleged interest in the property, and for an amendment of the Order of Forfeiture, pursuant to 21 U.S.C. § 853(n).

Prelim. Order of Forf. 2 (Doc. 655). The Preliminary Order of Forfeiture does not apply to Ms. Davenport and, as a person "other than the above-named defendant," she is among the people defined as third-party claimants by its terms.

As a third party, Ms. Davenport could not contest the findings of the Preliminary Order of Forfeiture, but was required to pursue her interests in the property through the ancillary proceeding authorized by Section 853(n). This ancillary proceeding "is the exclusive avenue through which a third party may protect [her] interest in property that has been subject to a forfeiture order." *United States v. McHan*, 345 F.3d 262, 269 (4th Cir.2003); *see also Libretti v. United States*, 516 U.S. 29, 44, 116 S.Ct. 356, 133 L.Ed.2d 271 (1995) ("Once the Government has secured a stipulation as to forfeitability, third-party claimants can establish their entitlement to return of assets only by means of the hearing afforded under 21 U.S.C. § 853(n)."). Because the ancillary proceeding affords the exclusive opportunity for third parties to assert any ownership interest that would require amendment of a preliminary order of forfeiture, "a third party has no right to challenge the preliminary order's finding of forfeitability." *United States v. Andrews*, 530 F.3d 1232, 1236 (10th Cir.2008).

As a third party, therefore, Ms. Davenport may not move to vacate the Preliminary Order of Forfeiture issued in Muckle's criminal case. Her only opportunity to assert her ownership interest in the seized currency was through the ancillary proceedings prescribed by Section 853(n). Having failed to make a timely claim, however, her right to proceed in the ancillary proceedings is foreclosed. Accordingly, her Motion to Vacate the Preliminary Order of Forfeiture (Doc. 733) is **DENIED,** and the Government's Motion to Dismiss the Petition of Juanita Davenport (Doc. 716) is **GRANTED.** Ms. Davenport's Request for a Hearing (Doc. 740) is **DENIED.**