[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-11553
Non-Argument Calendar
_____

D.C. Docket 9:06-cr-80158-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

SUSAN MASILOTTI,
PAUL MASILOTTI,

Third Party Claimants-Appellants,

ANTHONY R. MASILOTTI,

Defendant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(February 22, 2013)

Before BARKETT, WILSON and ANDERSON, Circuit Judges.

PER CURIAM:

Susan and Paul Masilotti ("appellants") appeal the district court's denial of their Fed. R. Civ. P. 60(b) motion to vacate an order of forfeiture entered in Anthony Masilotti's criminal case, and their motion for reconsideration of the denial.

A claimant must have some sort of property interest in the forfeited property to have standing to contest a forfeiture.[1]  United States v. $38,000.00 Dollars in U.S. Currency, 816 F.2d 1538, 1544 (11th Cir. 1987).  Here, the appellants voluntarily executed consent orders relinquishing any right, title, or interest and claims to the properties identified in those consents and, thus, they lack standing to challenge the forfeiture of those properties.

Moreover, the appellants also lack standing because they failed to timely file third-party petitions and pursue ancillary proceedings.  See 21 U.S.C. § 853(n)(2) (requiring third-party claimants to file a petition for a hearing to adjudicate their interests in the forfeited property "within thirty days of the final publication of notice [of forfeiture]"); Libretti v. United States, 516 U.S. 29, 44 (1995) ("[T]hird-party claimants can establish their entitlement to return of the [forfeited] assets only by means of the hearing afforded under 21 U.S.C. § 853(n).").  If a third party fails to file a § 853(n)(2) petition within the prescribed thirty-day deadline, her

---

[1] We review de novo questions about our subject matter jurisdiction, including standing. United States v. Davenport, 668 F.3d 1316, 1319 (11th Cir. 2012).

2

interests in the property are forfeited.  United States v. Marion, 562 F.3d 1330, 1336 (11th Cir. 2009).

Accordingly, because the appellants lack standing, we vacate the judgment of the district court and remand with instructions to dismiss the entirety of the Rule 60(b) motion for lack of jurisdiction.[2]

**VACATED and REMANDED.**

---

[2] Because we find that the appellants lack standing, we need not address the appellants' substantive arguments that (1) the court had jurisdiction to vacate a forfeiture order; (2) the forfeiture order is improper in light of Skilling v. United States, 130 S.Ct. 2896 (2010); (3) the court did not address the substantive merits of their claim; (4) the court had jurisdiction to consider a forfeiture that was accomplished through the Internal Revenue Service's administrative forfeiture authority; (5) the court failed to afford them de novo review of the entire record and their objections; and (6) the forfeiture violates the Eighth Amendment.  We also need not address the government's contention that the appeal was not timely filed.