[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 19-12844
Non-Argument Calendar
_____

D.C. Docket No. 0:10-cr-60311-DMM-1


UNITED STATES OF AMERICA,

                                        Plaintiff - Appellee,

versus

JIMMY LEE THEODORE,

                                        Defendant - Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 17, 2019)

Before JORDAN, NEWSOM and DUBINA, Circuit Judges.

PER CURIAM:

Appellant, Jimmy Lee Theodore, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motion for reconsideration filed on November 5, 2018 ("the second motion").  The second motion was one for reconsideration of the district court's denial of an earlier motion for reconsideration ("the first motion") of the district court's order granting the government's motion to apply inheritance funds in Theodore's Bureau of Prisons ("BOP") trust account towards his outstanding criminal restitution judgment.  The government moves for summary affirmance and an order staying the briefing schedule.  After review, we grant the government's motion for summary affirmance and deny its motion to stay the briefing schedule as moot.

## I.  Procedural History

Theodore pleaded guilty to wire fraud, using unauthorized access devices, and aggravated identity theft, and his plea agreement included a waiver of his right to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed.  During the plea colloquy, Theodore expressly agreed to pay restitution as ordered, and the restitution/sentence appeal waiver was established on the record.  The district court sentenced Theodore to 175 months of imprisonment, to be followed by three years of supervised release, and ordered him to pay restitution of $631,000.  Theodore waived his right to a

restitution hearing and agreed to pay the restitution ordered.  Theodore filed a notice of appeal from the judgment, and this court dismissed his appeal.  *See United States v. Andrulonis and Theodore*, 476 F. App'x 379 (11th Cir. 2012).

In August 2017, the government filed a motion requesting the district court to apply the funds in Theodore's BOP trust account towards the outstanding restitution order in his case.  Theodore had paid only $425 towards the $631,000 restitution amount, and he had $53,599.16 in his trust account from an inheritance Theodore received as a result of his mother's death.  The district court entered an order requiring the BOP to transfer this money from Theodore's trust account to the Clerk of the Court for the money to be applied to Theodore's outstanding judgment of restitution.

Theodore appealed the district court's order to our court, Case No. 17-13777.  Immediately after filing his notice of appeal, Theodore filed a motion in the district court requesting that the court reconsider its order requiring the BOP to relinquish the funds in his prison account ("the first motion").  Theodore also requested that this court stay the appellate proceedings pending the district court's resolution of the first motion for reconsideration.  After entertaining responses from both parties, the district court denied Theodore's first motion for

3

reconsideration and directed the funds from his BOP account to be applied towards his outstanding criminal monetary penalties judgment.

Theodore did not appeal the district court's order denying the first motion for reconsideration; rather, he filed a second motion for reconsideration. Theodore requested this court stay appellate proceedings pending the district court's consideration of the second motion for reconsideration. This court denied his motion to stay, and the appellate proceedings in Case No. 17-13777 resumed. In July 2019, this court ruled that it lacked jurisdiction to consider Theodore's arguments that challenged the district court's order denying the first motion for reconsideration because he did not amend his notice of appeal to include a review of the district court's denial of his Rule 59 first motion for reconsideration. We also ruled that Theodore's appeal was precluded by his sentence appeal waiver, which encompassed the payment of restitution. *See United States v. Theodore*, No. 17-13777 (11th Cir. July 9, 2019). In the interim, the district court summarily denied the second motion for reconsideration that now is presently before us.

## II. Discussion

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is

4

clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).[1]  The later reason is applicable here and allows for summary affirmance.

"A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).  The only grounds upon which a Rule 59(e) motion can be granted are (1) newly discovered evidence or (2) manifest errors of law or fact.  *United States v. Marion*, 562 F.3d 1330, 1335 (11th Cir. 2009).  Further, a Rule 59(e) motion cannot be used "to relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc. v. Vill. of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005).  Moreover, we have held that "a Rule 59(e) motion cannot be used simply as a tool to reopen litigation where a party has failed to take advantage of earlier opportunities to make [his] case." *Stansell v. Revolutionary Armed Forces of Colombia*, 771 F.3d 713, 744 (11th Cir. 2014).  We review for abuse of discretion the district court's decision on a motion to alter or amend a judgment. *Drago v. Jenne*, 453 F.3d 1301, 1305 (11th Cir. 2006).

---

[1] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

5

Under the law-of-the-case doctrine, both the district court and this court are bound by findings of fact and conclusions of law made by this court on a prior appeal of the same case unless "(1) a subsequent trial produces substantially different evidence, (2) controlling authority has since made a contrary decision of law applicable to that issue, or (3) the prior decision was clearly erroneous and would work manifest injustice." *United States v. Stinson*, 97 F.3d 466, 469 (11th Cir. 1996).

We liberally construe Theodore's arguments that the district court failed to consider 18 U.S.C. § 3664(f)(2) and the needs of his wife and child when it granted the government's motion to apply funds towards his outstanding restitution judgment. *See Tannenbaum v. United States*, 148 F.3d 1262, 1263 (11th Cir. 1998). However, these arguments are not properly before us because they challenge issues that Theodore previously appealed and we considered. *See Stinson*, 97 F.3d at 469. Moreover, the notice of appeal Theodore filed designated only the order denying the second motion to reconsider and was timely to that order only. *See* Fed. R. Civ. P. 59(e). Thus, our review is limited to the district court's denial of the second motion to reconsider.

As to Theodore's arguments that the district court erred by denying the second motion for reconsideration without explanation and by failing to address

6

explicitly each of his arguments, Theodore has presented no authority requiring a district court do so. Theodore's reliance on *Clisby v. Jones*, 960 F.2d 925 (11th Cir. 1992), is inapplicable because that case involved a writ of habeas corpus under 28 U.S.C. § 2254, which this case does not. Hence, in the absence of binding precedent, Theodore cannot show that the district court committed a "manifest error of law," in denying the second motion to reconsider and, therefore, cannot show an abuse of discretion by the district court. *See Marion*, 562 F.3d at 1335.

Because there is no substantial question about the outcome of the case, we GRANT the government's motion for summary affirmance, and we DENY the government's motion to stay the briefing schedule as moot.

AFFIRMED.

7