Midfirst Bank Federally Chartered Sav. Assn. v McCoy (2025 NY Slip Op 05517)

Midfirst Bank Federally Chartered Sav. Assn. v McCoy

2025 NY Slip Op 05517

Decided on October 8, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 8, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
LINDA CHRISTOPHER
LAURENCE L. LOVE
PHILLIP HOM, JJ.

2022-07156
 (Index No. 707070/14)

[*1]Midfirst Bank Federally Chartered Savings Association, appellant, 
v
Normaline McCoy, etc., respondent, et al., defendants.

Davidson Fink LLP, Rochester, NY (Richard N. Franco of counsel), for appellant.
Alishaev Law Group (Gajjar Law Firm, P.C., New York, NY [Ripal J. Gajjar], of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Darrell L. Gavrin, J.), dated July 28, 2022. The order, insofar as appealed from, granted the motion of the defendant Normaune McCoy pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, for a declaration that the plaintiff no longer has a valid security interest in the subject property, and to cancel and discharge of record the subject mortgage, and thereupon vacated a judgment of foreclosure and sale of the same court dated March 25, 2022.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On May 4, 2007, the defendant Normaline McCoy, and another individual, executed a note in the sum of $471,350 in favor of the plaintiff, which was secured by a mortgage on certain real property located in Far Rockaway (hereinafter the premises). By deed dated November 1, 2011, the premises was transferred to McCoy alone. Thereafter, by deed dated January 30, 2014, the premises was transferred to the defendant Launch Development, LLC (hereinafter Launch).
On October 1, 2014, the plaintiff commenced this action against McCoy and Launch, among others, to foreclose the mortgage. McCoy interposed an answer to the complaint. On November 15, 2016, McCoy commenced a separate action (hereinafter the quiet title action) against Launch and Amir Meiri, among others, alleging that her signature on the January 30, 2014 deed conveying the premises to Launch was forged.
In March 2017, the plaintiff moved, inter alia, for summary judgment on the complaint, and McCoy moved to stay this action pending the outcome of the quiet title action. While those motions were pending, on June 16, 2017, the Supreme Court determined that McCoy's motion in the quiet title action for leave to enter a default judgment should be granted. In an order dated December 6, 2017, the court granted the plaintiff's motion, among other things, for summary judgment on the complaint and denied, as academic, McCoy's motion to stay this action pending the outcome of the quiet title action. By order dated December 7, 2018, the court, inter alia, referred the [*2]matter to a referee to compute the amount due to the plaintiff.
In the quiet title action, by order and judgment dated May 18, 2018, the Supreme Court, among other things, granted McCoy's motion for leave to enter a default judgment, declared McCoy the fee owner of the premises, and directed the Queens County Clerk to set aside and cancel the deed dated January 30, 2014.
In March 2019, the plaintiff moved in this action, inter alia, for a judgment of foreclosure and sale. In an order dated August 21, 2019, the Supreme Court granted the unopposed motion.
On or about November 1, 2016, Meiri, a principal of Launch, was indicted in connection with a scheme to defraud distressed homeowners and charged with, among other crimes, conspiracy to commit wire fraud and bank fraud in violation of 18 USC § 1349 (hereinafter the federal criminal proceeding). The indictment further sought forfeiture of any and all property "constituting or derived from any proceeds . . . obtained directly or indirectly" as a result of the offenses charged in the indictment pursuant to 18 USC § 981(a)(1)(C) and 28 USC § 2461.
On April 10, 2018, a consent preliminary order of forfeiture as to specific property was so-ordered in the federal criminal proceeding (hereinafter the preliminary order of forfeiture). Pursuant to the preliminary order of forfeiture, Meiri, having pleaded guilty to count one of the indictment, agreed to forfeit "all right, title and interest" in various properties, including the premises. The preliminary order of forfeiture directed that any person claiming an interest in a property subject to forfeiture under the order "file a Petition within sixty (60) days from the first day of publication of [a forfeiture notice] on [the] official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier." Between September 26, 2018, and November 30, 2018, the preliminary order of forfeiture was sent to, among others, McCoy and the plaintiff by certified mail, return receipt requested. On or about December 6, 2018, McCoy filed a petition in the federal criminal proceeding asserting an interest in the premises. On October 30, 2019, a stipulation and order of withdrawal of petition was so-ordered in the federal criminal proceeding pursuant to which the United States agreed to convey legal title to the premises to McCoy. A final order of forfeiture, which was so-ordered on December 6, 2019, directed that the United States "shall have clear title" to the forfeited properties under the order and vested "all right, title and interest" in the premises in the United States, specifically noting that the preliminary order of forfeiture had been sent by certified mail, return receipt requested, to, among others, the plaintiff.
By quitclaim deed dated June 16, 2021, the United States Marshals Service, on behalf of the United States, conveyed to McCoy "all the right, title, interest, and claim which the United States of America has in the [premises]." The deed was recorded on June 25, 2021.
In February 2022, McCoy moved in this action pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, for a declaration that the plaintiff no longer has a valid security interest in the premises, and to cancel and discharge of record the mortgage. The plaintiff opposed the motion. In an order dated July 28, 2022, the Supreme Court granted the motion and thereupon vacated a judgment of foreclosure and sale dated March 25, 2022, which had been issued while the motion was pending. The plaintiff appeals.
Property subject to criminal forfeiture under 21 USC § 853 includes "any property constituting, or derived from, any proceeds . . . obtained, directly or indirectly," as the result of a criminal defendant's violation of certain federal statutes (id. § 853[a][1]; see De Almeida v United States , 459 F3d 377, 381 [2d Cir]). The statute provides that "[a]ll right, title, and interest in property described in [21 USC § 853(a)] vests in the United States upon the commission of the act giving rise to forfeiture" (21 USC § 853[c]). The statute further provides that, "[f]ollowing the entry of an order of forfeiture . . . the United States shall publish notice of the order" and may also "provide direct written notice to any person known to have alleged an interest in the property that is the subject of the order" (id. § 853[n][1]). Thereafter, "[a]ny person . . . asserting a legal interest [*3]in [such forfeited property] may. . . petition the court for a hearing to adjudicate the validity of [that person's] alleged interest in the property" (id. § 853[n][2]). If no such petition is timely filed, "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee" (id. § 853[n][7]).
Here, pursuant to the preliminary order of forfeiture, "all right, title and interest" to certain properties, including the premises, was forfeited to the United States, and any third party claiming an interest in any of the properties was required to file a petition within 60 days from the first day of publication of a forfeiture notice on the official government website or no later than 35 days from the mailing of actual notice, whichever was earlier. According to the final order of forfeiture, a notice of forfeiture was posted on the official government website, and the preliminary order of forfeiture was sent by certified mail, return receipt requested, to McCoy and the plaintiff. McCoy filed a petition asserting an interest in the premises, and it is undisputed that the plaintiff did not. Accordingly, the plaintiff waived its right to assert an interest in the premises, and its interest in the premises was extinguished (see United States v Marion , 562 F3d 1330, 1337 [11th Cir]). As such, the premises was conveyed to McCoy pursuant to the quitclaim deed dated June 16, 2021, free and clear of the plaintiff's mortgage lien. In light of the foregoing, McCoy established that the complaint insofar as asserted against her was subject to dismissal pursuant to CPLR 3211(a)(7) for failure to state a cause of action because the plaintiff no longer has a cause of action to foreclose the mortgage.
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly granted McCoy's motion pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against her, for a declaration that the plaintiff no longer has a valid security interest in the premises, and to cancel and discharge of record the mortgage, and thereupon vacated the judgment of foreclosure and sale.
CHAMBERS, J.P., CHRISTOPHER, LOVE and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court