**UNITED STATES**

v.

**Darrell GINN.**

**Criminal Action No. 09–301.**

United States District Court,
E.D. Louisiana.

June 9, 2010.

Theodore R. Carter, III, U.S. Attorney's Office, New Orleans, LA, for United States.

### ORDER AND REASONS

MARTIN L.C. FELDMAN, District Judge.

Before the Court are the Government's motion to dismiss the petition for hearing by Ashley Cummings and motion to dismiss the petition for hearing by Marsha Ginn. For the following reasons, the motions are GRANTED.

#### Background

Darrell Ginn pleaded guilty to two counts of possession with intent to distribute 50 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1). On March 10, 2010, this Court issued a preliminary order of forfeiture for a 2003 Cadillac Escalade and for $1035 in U.S. currency. On April 13, 2010, the Government notified Ashley Cummings and Marsha Ginn of the Court's order and of the Government's intent to dispose of the Cadillac and the $1035. The notice informed Ms. Cummings and Ms. Ginn that if they had any legal interest in the specified property, they must petition the Court for a hearing to adjudicate the validity of their claims pursuant 21 U.S.C. § 853(n). The notice also explained that any petition "must be signed by the petitioner under penalty of perjury ... and shall set for the nature and the extent of your right, title, or interest in the property, the time and circumstances of your acquisition of the right, title, or interest in the property and any

additional facts supporting your claim and the relief sought."

On May 17, 2010, Ms. Ginn filed a petition asserting an interest in the Cadillac, and Ms. Cummings filed a petition asserting an interest in the cash. Ms. Ginn states in her petition that "she is the bona fide owner of the 2003 Cadillac Escalade bearing the VIN 3GYEK63N83G140401 and that she came into possession of said vehicle through employment and financial assistance of family." Ms. Cummings states that "she is the bona fide owner of the $1035.00 U.S. Currency and that she came into possession of said currency through financial assistance for secondary education." Curiously, neither petition was signed under penalty of perjury.

The government contends that the two petitions should be dismissed for failure to comply with the statutory requirement that the petitions be signed under penalty of perjury. The government also argues that the petitions fail to state a claim because neither Ms. Cummings nor Ms. Ginn have set forth how or when they came into possession of the property they claim an interest in, as required by § 853(n). The government adds that even under the general standard for a motion to dismiss, the meager statements in each petition, construed in the petitioners' favor, fail to state a claim.

The claimants have not responded to the government's motion to dismiss.

#### Law and Analysis

##### I.

A third party asserting an interest in property subject to forfeiture must file a petition for a hearing to determine the validity of the alleged interest. 21 U.S.C. § 853(n)(2). The claimant must do so within thirty days of receipt of notice of forfeiture. *Id.* The petition itself must (1) "be signed by the petitioner under penalty

of perjury" and "set for the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought." *Id.* § 853(n)(3). The Court may dismiss a petition on motion for lack standing or failure to state a claim. FED. R.CRIM. PROC. 32.2(c)(1)(A).

■ Courts have strictly construed the statutory requirements in order to discourage false or frivolous claims. *United States v. Edwards*, No. 06–50127–01, 2007 WL 2088608, at *2 (W.D.La. July 20, 2007) (dismissing a petition that was not signed under penalty of perjury and that failed to specify her legal interest in the subject property); *see United States v. Patillo*, No. 08–22, 2009 WL 5217005, at *1–2 (E.D.Tenn. Dec. 30, 2009) (dismissing a petition that was not signed under penalty of perjury and did not set forth the nature and extent of the petitioner's asserted interest in the property); *United States v. Loria*, No. 08–233–2, 2009 WL 3103771, at *1–2 (W.D.N.C. Sept. 21, 2009) (dismissing a petition that was filed three days late and not signed under penalty of perjury). Indeed, requiring a claimant to sign personally under penalty of perjury serves the government's legitimate interest in protecting forfeited assets. *See United States v. Owens*, No. 09–89, 2010 WL 583910, at *2 (S.D.Ind. Feb. 12, 2010) (quoting *United States v. Speed Joyeros, S.A.*, 410 F.Supp.2d 121, 124 (E.D.N.Y.2006)). Similarly, failure to provide sufficient detail regarding the nature of the petitioner's interest as required by § 853(n) provides grounds for dismissal. *See Edwards*, 2007 WL 2088608, at *2 ("[T]he law requires more than a bare assertion of legal title to establish the nature and extent of the petitioner's right, title or interest in the subject property.").

## II.

■ The two petitions at issue here are not signed or sworn under penalty of perjury. While at least one court considering a *pro se* petition has held that such a defect can easily be cured by amendment,[1] the Court finds no reason to create an exception to the statutory requirements here.[2] The notice served on the claimants clearly informed them that any petition must be signed under penalty of perjury. Further, both petitions fail to state sufficient facts regarding the nature of their claims, as required by the statute and general pleading requirements. Ms. Ginn's petition simply asserts ownership and claims that she came into possession of the Cadillac through employment and financial assistance. Ms. Cummings asserts ownership of the cash and claims that she came into possession of it through financial assistance for secondary education. Neither petitioner states the time of acquisition or provides any facts that would be sufficient for a finding that their asserted interests are valid.

The Court finds that the petitioners lack standing and have failed to state a claim upon which relief can be granted. Accordingly, the Government's motions are GRANTED.

---

1. In *United States v. Ward,* the court refused to dismiss a claim for failure to sign under penalty of perjury, but nonetheless dismissed the petition for failure to show a legal interest in the subject property. No. 07–30013–1, 2007 WL 2993870, at *2–3 (W.D.La. Oct. 11, 2007). The petitioners in *Ward* claimed a legal interest in a truck because they had given the defendant a prior truck that the defendant had traded in for the truck subject to forfeiture. *Id.* at *3.

2. The Court notes that since having received the government's motion, the petitioners have not attempted to amend their petitions.

The petitions of Ashley Cummings and Marsha Ginn are hereby dismissed.