**UNITED STATES of America**

v.

**Nicholas McDONALD.**

**No. 1:13–cr–00108–JAW.**

United States District Court,
D. Maine.

Signed May 13, 2014.

Joel B. Casey, Office of the U.S. Attorney, Bangor, ME, for Plaintiff.

Hunter J. Tzovarras, Law Office of Hunter Tzovarras, Bangor, ME, for Defendant.

**ORDER ON (1) GOVERNMENT'S MOTION TO STRIKE AMENDED ANSWER AND MOTION FOR RETURN OF PROPERTY; AND (2) STEPHEN SMITH'S SECOND AMENDED ANSWER AND MOTION FOR RETURN OF PROPERTY**

JOHN A. WOODCOCK, JR., Chief Judge.

On March 4, 2014, Nicholas McDonald entered a conditional plea of guilty to being a felon in possession of a firearm and consented to the forfeiture of the firearm to the Government. *Minute Entry* (ECF No. 98); *Conditional Plea* (ECF No. 99). On the same day, the Government moved to forfeit the firearm that Nicholas McDonald illegally possessed and the Court granted a preliminary order of forfeiture. On March 14, 2014, Stephen Smith filed a petition for a hearing alleging that the firearm was his and that it had been stolen from him. However, Mr. Smith did not swear to the time and circumstances of his acquisition of the firearm. As the Court is bound by statutory language that requires those sworn-to facts in the petition, the Court will dismiss Mr. Smith's petition unless he presents a timely supplemental affidavit complying with the statute.

## I. LEGAL STANDARD

When the Government moves to compel forfeiture of property in a criminal case, a third party may assert an interest in the property by petitioning the Court for a hearing to "adjudicate the validity of his alleged interest in the property." 21 U.S.C. § 853(n)(2); 28 U.S.C. § 2461(c). This petition

shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought.

*Id.* § 853(n)(3).

If a third party properly files such a petition, the Court "must conduct an ancillary proceeding" to determine the rights of the parties to the disputed property. FED. R.CRIM.P. 32.2(c)(1). However, if the petitioner "fails to allege all elements necessary for recovery ... the court may dismiss the petition without a hearing." *United States v. Perkins*, 382 F.Supp.2d

146, 149–50 (D.Me.2005); Fed. R.Crim. P. 32.2(c)(1)(A).

## II. FACTS

On March 4, 2014 Nicholas McDonald entered a conditional plea of guilty to possession of heroin with intent to distribute and possession of a firearm by a felon. *Minute Entry* (ECF No. 98); *Conditional Plea* (ECF No. 99). The Court entered a preliminary order of forfeiture on the same day, identifying the property to be forfeited as "a Sig Sauer Model P226, 9mm semi-automatic pistol, bearing serial number U498460." *Preliminary Order of Forfeiture* (ECF No. 100).

On March 14, 2014, Mr. Smith filed an Answer and Motion for Return of Property. *Answer and Mot. for Return of Property* (ECF No. 103) *(Pet'r's First. Mot.)*. The Government moved to strike this first motion on March 17, 2014. *Mot. to Strike Answer and Mot. for Return of Property of Step hen Smith* (ECF No. 104) *(Gov't's First Mot. to Strike)*. On April 3, 2014, Mr. Smith filed an Amended Answer and Motion for Return of Property, *Am. Answer and Mot. for Return of Property* (ECF No. 105) *(Pet'r's Second Mot.)*, which the Government again moved to strike on April 4, 2014. *Mot. to Strike Am. Answer and Mot. for Return of Property of Step hen Smith, Esq.* (ECF No. 106) *(Gov't's Second Mot. to Strike)*. Mr. Smith replied with a third Answer and Motion for Return of Property on April 17, 2014. *Am. Answer and Mot. for Return of Property* (ECF No. 108) *(Pet'r's Third Mot.)*. On the same day, Mr. Smith opposed the Government's second motion to strike. *Respondent's Objection to the Gov't's Mot. to Strike* (ECF No. 109) *(Pet'r's Opp'n)*. The Government did not reply to Mr. Smith's third motion or his opposition.

## III. DISCUSSION

A petition asserting a legal interest in forfeitable property must be "signed by the petitioner under penalty of perjury." 21 U.S.C. § 853(n)(3). Mr. Smith's first motion did not meet this requirement. *See Pet'r's First Mot.* The second motion was notarized but not otherwise sworn. *See Pet'r's Second Mot.* The third motion, however, stated that "Petitioner signs below under penalty of perjury and understands it is a crime to make a false statement under oath." *Pet'r's Third Mot.* ¶ 7. The third motion meets the statutory swearing requirement.

The petition must also "set forth . . . the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property." 21 U.S.C. § 853(n)(3). The third petition states:

2. Several months ago I was approached by [agents of the Maine Drug Enforcement Agency] who informed me that they had recovered a firearm which had been connected to me. Based on an inventory previously conducted by me, I confirmed that I owned a certain SIGT226 firearm with serial # U498460.

3. I have never sold or transferred this firearm to another.

4. It is unknown to me how the firearm came into the possession of Mr. McDonald as I am unfamiliar with him.

5. I cooperated fully with the investigation and gave suggestions as to certain individuals who may have been responsible for the theft.

6. I own this firearm. Although I no longer have the original receipts from the purchase of the gun, I shared with Agent Amy Nickerson an inventory I had taken in approximately 2010. At that time the guns were kept in a locked attic. Occa-

sionally workmen had access to this attic. At all relevant times I was collecting this and other Sig 226[ ]s and did not trade or sell them away. Upon information and belief, the fact of any acquisition of the firearm, including the seller, and date of transfer, are known to the Government as that is how the agents came to me in the first place.

*Pet'r's Third Mot.* ¶¶ 2–6. Mr. Smith also asserts that "[t]he exact date and time of the [acquisition of the] property in question would be impossible to determine but [on] information and belief the information exists within the possession and control of the Government." *Pet'r's Opp'n* ¶ 3.

The Government argues that this allegation is insufficient to meet the requirements of § 853(n)(3), directing the Court to two decisions from other district courts. *Gov't's First Mot. to Strike* at 4 (citing *United States v. Weekley,* No. CR09–2023, 2010 WL 5247936 (E.D.Iowa Dec. 1, 2010) (unreported) and *United States v. Aitken,* No. 2:09–cr–0097, 2010 WL 2951171 (D.Nev. July 22, 2010) (unreported)). These cases are not particularly helpful. The opinion in *Aitken* gave no details of the petition that failed to specify the time and circumstances of acquisition of the property. *See Aitken,* 2010 WL 2951171, at *1–2. In *Weekley,* the court recited the following language from the petition:

> I Justin Lee Weekley owner of 2010 Chevolet [sic]-Camaro VIN # 2GIF-TIEW8A9115420 which was seized from Jerry Glen Weekley Jr. I want to file papers for return of car, on or before Sept. 7, 2010.

*Weekley,* 2010 WL 5247936, at *2. In neither *Weekley* nor *Aitken* did the petitioner offer a plausible explanation for why he

was unable to swear to the specific time and circumstances of the acquisition of the property. Nor did either petitioner allege facts which, if true, would necessarily demonstrate that the Government possessed these very facts through its investigation. By contrast, Mr. Smith has alleged that he lacks records or personal recollection of the circumstances under which he acquired this particular Sig 226 among several in his collection. His sworn facts also show that the Government may well have acquired those facts itself in the course of discovering that Mr. Smith had a connection to the firearm.

Despite these distinctions, the Court concludes that Mr. Smith's third petition does not swear out facts sufficient to meet the requirements of § 853(n)(3).[1] The language of the statute is unambiguous; the petitioner "shall set forth ... the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property." 21 U.S.C. § 853(n)(3). This statute makes no exceptions for lost recollection or possession of the information by other parties, and leaves no room for a judicial gloss to that effect. *See id.* Nor does it allow a claimant to substitute an inventory of property, taken after its acquisition, that does not clarify the "time and circumstances of the petitioner's acquisition of the right, title, or interest in the property." *See id.* Congress has decreed that if a third party is unable to swear to the time and circumstances under which he acquired property subject to forfeiture, he may not progress to a hearing on his property right. *See United States v. Ginn,* 799 F.Supp.2d 645, 647 (E.D.La. 2010) (dismissing two petitions that failed to state sufficient facts regarding acquisi-

---

1. Stephen Smith is an attorney who practices regularly in this Court and the Court accepts the contents of Mr. Smiths affidavit as true for purposes of the motion. The problem is that the facts, even accepted as true, do not meet statutory requirements.

 

tion of the property).[2] Because Mr. Smith's petition does not meet the requirements of § 853(n)(3), he would not be entitled to an evidentiary hearing to contest the property right of the United States. *Id.* § 853(n)(7).[3]

Moreover, the policy underlying the statutory requirements seems obvious. Anyone could file a claim under § 853(n)(3) and swear that he owned the subject property. The statute requires more than a mere sworn assertion of "right, title, or interest," but mandates specificity as to how the claimant came to acquire it. Here, Mr. Smith's sworn claim, taken as true, does not separate him from any other person who might make a similar claim to property subject to forfeiture.

It may be, however, that Mr. Smith would be able to discover information that would allow him to swear to facts that would satisfy 21 U.S.C. § 853(n)(3). To ensure that he has the opportunity to protect his property interest in the Sig 226 by presenting such an affidavit to the Court, the Court will delay the effect of this order to give him time to conduct further investigation. If Mr. Smith is unable to present an affidavit meeting the requirements of § 853(n)(3) within thirty days of this order, the Court will dismiss his motions for return of property.[4]

## IV. CONCLUSION

The Court ORDERS Mr. Smith to present a supplemental affidavit to the Court within thirty days detailing the time and circumstances of his acquisition of the right, title, or interest in the Sig Sauer Model P226 pistol. If the Court does not receive such an affidavit within thirty days of the date of this order, the Court will GRANT the Government's Motion to Strike (ECF No. 106) and DISMISS Mr. Smith's pending Motion for Return of Property (ECF No. 108).

SO ORDERED.

2. *Cf. also United States v. One Hundred Sixty–Five Thousand Five Hundred Eighty Dollars (165,580) in U.S. Currency,* 502 F.Supp.2d 114, 119–22 (D.Me.2007) (holding that fleeting "naked possession" of cash, without an underlying property right superior to the Government's right, is not sufficient to establish standing in a forfeiture proceeding).

3. "Following the court's disposition of all petitions filed under this subsection, or if no such petitions are filed ... the United States shall have clear title to property that is the subject of the order of forfeiture...." 21 U.S.C. § 853(n)(7).

4. If Mr. Smith requires additional time beyond the thirty days, he should move the Court for an extension of time and present good cause for further delay.