# United States Court of Appeals
# for the Fifth Circuit

_____

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2025

Lyle W. Cayce
Clerk

No. 23-20475

_____

United States of America,

*Plaintiff—Appellee*,

*versus*

Scott Jackson Davis,

*Defendant*,

and

E. Alan Tiras; E. Alan Tiras, P.C.,

*Movants—Appellees*,

*versus*

Gravity Funding, L.L.C.; Gravity Capital, L.L.C.,

*Movants—Appellants*,

consolidated with

_____

No. 24-20039

_____

United States of America,

*Plaintiff*,

*versus*

SCOTT JACKSON DAVIS,

*Defendant*,

AND

E. ALAN TIRAS; E. ALAN TIRAS, P.C.,

*Movants—Appellees*,

*versus*

GRAVITY FUNDING, L.L.C.; GRAVITY CAPITAL, L.L.C.,

*Movants—Appellants*.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC Nos. 4:21-CR-577-1,
4:21-CR-577-1

---

Before HO, ENGELHARDT, and DOUGLAS, *Circuit Judges*.

JAMES C. HO, *Circuit Judge*:

Lawyers' work is careful work. Attention to detail is critical. A mistake that might be immaterial in other professions can be devastating for attorneys and their clients. *See*, *e.g.*, *Bowles v. Russell*, 551 U.S. 205, 212 n.4 (2007) (noting that the Supreme Court "refused to accept a petition for certiorari submitted by Ryan Heath Dickson because it had been filed one day late," so he was "executed on April 26, 2007, without any Member of this Court having even seen his petition for certiorari"); *Northwest Airlines, Inc.*

2

*v. Spirit Airlines, Inc.*, 549 U.S. 805 (2006) (missing deadline by a few days precluded certiorari in multi-million dollar dispute); Lyle Denniston, *A move to salvage a big antitrust case*, SCOTUSBLOG.COM, July 31, 2006 (same); Josh Barbanel, *Attack of the Fine Print*, N.Y. Times, July 24, 2009 ("an error of a single digit in an arcane document—the densely worded 732-page offering plan—could . . . cost the sponsors . . . tens of millions of dollars in lost revenue").

So too here. Gravity Capital may well have an interest in property subject to criminal forfeiture. But their petition was signed on behalf of the wrong entity—Gravity Funding, not Gravity Capital. The consequence of this drafting error is that the petition fails, and any asserted property interest is forfeited. That's what the district court held, and today, we affirm.

## I.

Scott Davis purchased property in Tomball, Texas. He paid for the Tomball property with loan proceeds that he fraudulently obtained from the Paycheck Protection Program, established in the wake of the COVID-19 pandemic under the CARES Act. He then used that property as collateral to secure a subsequent loan of approximately $360,000 from Gravity Capital.

Davis later pleaded guilty to wire fraud. As part of his plea deal, he agreed to forfeiture of the Tomball property.

The district court issued a preliminary order of forfeiture. The Government then took steps to notify interested parties of that order, as required by 21 U.S.C. § 853(n).

Two parties filed ancillary petitions claiming an interest in the property: E. Alan Tiras and Gravity Funding.

The district court granted the Tiras petition. The court agreed that Tiras had previously obtained a civil judgment against Davis that gave Tiras

an interest in the Tomball property. So the court amended the order of forfeiture to require that "[t]he United States shall pay Tiras . . . the Net Proceeds of the sale . . . up to the amount of Tiras' lien."

But the court denied the Gravity Funding petition due to a drafting error by counsel: The petition was premised on a $360,000 loan to Davis from Gravity Capital—not Gravity Funding. As counsel later explained during oral argument before our court, "the attorney who had been working on the case worked on another Gravity Funding matter and used a similar pleading."

The district court determined that this was a fatal drafting error, because Gravity Funding had no interest in any loan issued to Davis—and Gravity Capital was not a party to the petition. So the court concluded that it had no choice but to deny the Gravity Funding petition.

Gravity Funding and Gravity Capital filed this appeal. "We review the district court's findings of fact under the clearly erroneous standard of review, and the question of whether those facts constitute legally proper forfeiture de novo." *United States v. Reed*, 908 F.3d 102, 125 (5th Cir. 2018) (cleaned up).

## II.

Federal law authorizes the forfeiture of property owned by individuals convicted of certain crimes. It also authorizes innocent third parties to assert an interest in property subject to a preliminary order of forfeiture. *See* 21 U.S.C. § 853; FED. R. CRIM. P. 32.2. To preserve their rights in forfeited property, third parties must file a petition stating their interest. *See* 21 U.S.C. § 853(n). Most relevant here, the petition must be "signed by the petitioner under penalty of perjury." 21 U.S.C. § 853(n)(3).

"Courts strictly construe Section 853's statutory requirements." *United States v. Zelaya Rojas*, 364 F. Supp. 3d 626, 630 (E.D. La. 2019). Noncompliance with these requirements is fatal to the petition. *See*, *e.g.*, *id.* at 630–31 ("unsworn or untimely petitions—or petitions that do not provide sufficient detail regarding the nature of the petitioner's interest—may be dismissed for failure to comply with the statute's filing requirements"); *United States v. Ginn*, 799 F. Supp. 2d 645, 647 (E.D. La. 2010) (collecting cases dismissing unsigned § 853(n) petitions).

Gravity Funding, not Gravity Capital, signed the petition. So the district court correctly determined that Gravity Capital failed to comply with § 853(n), and that Gravity Funding lacks any interest in the Tomball property.

The parties respond that they sought to amend the petition to add Gravity Capital. But even assuming such an amendment were ordinarily allowed, the proposed amendment here is untimely: Gravity Capital did not attempt to amend the petition until at least eleven months after the deadline set forth in § 853(n)(2). *See* 21 U.S.C. § 853(n)(2) ("Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property."). *See also*, *e.g.*, *Zelaya Rojas*, 364 F. Supp. 3d at 631–32 (denying proposed amendment and dismissing petition for failure to meet § 853(n)(2) deadline).

The failure to assert a valid interest under § 853(n) also dooms Gravity Capital's challenge to the Tiras petition. "Congress has determined that § 853(n) . . . provides the means by which third-party rights must be vindicated." *Libretti v. United States*, 516 U.S. 29, 44 (1995). *See also* 21

23-20475
c/w No. 24-20039

U.S.C. § 853(k) ("Except as provided in subsection (n), no party claiming an interest in property subject to forfeiture under this section may—(1) intervene in a trial or appeal of a criminal case involving the forfeiture of such property under this section; or (2) commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section."). So "a third party who fails to file a timely petition may not object when the preliminary order of forfeiture becomes the final order of forfeiture." *United States v. Marion*, 562 F.3d 1330, 1336–37 (11th Cir. 2009) (citing FED. R. CRIM. P. 32.2(c)(2)).

* * *

"There but for the grace of God go I." That's what amici observed in urging the Supreme Court to excuse the missed deadline in *Northwest Airlines*.[1] That same sentiment applies here. But it also leads to the same result. We affirm.

---

[1] Brief of Charles Fried and Seth P. Waxman as *Amici Curiae* in Support of Motion to Direct the Clerk to File a Petition for a Writ of Certiorari Out of Time, at 1, *Northwest Airlines, Inc. v. Spirit Airlines, Inc.*, 549 U.S. 805 (2006).